W. J. GILLIGAN, *Appellant*, v. SPECIAL ROAD AND BRIDGE DISTRICT NUMBER FOUR OF LEE COUNTY, FLORIDA, *Appellee*.

## Option Filed November 15, 1917.

1. Irregularities in the holding and conduct of popular elections .will not invalidate them where they have been free and fair and the result not changed by reason of such irregularities.

2. This rule applies alike to political or popular elections, and to those whereby a tax is to be levied on property.

Appeal from Circuit Court for Lee County, John S. Edwards, Judge.

Decree affirmed.

*Treadwell & Treadwell*, for Appellant;

*Walter O. Sheppard* and *Glen Terrell*, for Appellee

BROWNE, C. J.—This is an action brought by Special Road and Bridge District No. 4 of Lee County, Florida, under Chapter 6868, Laws of Florida, Acts of 1915, to validate bonds authorized to be issued at a special election called for that purpose. Answers were filed by the

State's Attorney on behalf of the State, and by W. J. Gilligan, a taxpayer of Lee County and a resident in the district. Gilligan also filed an intervening petition in which he attacked the validity of the election. A decree being rendered by the Circuit Judge validating the bonds, Gilligan brings the case to this court on appeal.

The appellant contends that the election was void because of certain irregularities in the conduct of the election, in that, in some precincts there was no deputy sheriff present, and in one precinct there were only two inspectors; and in some precincts the inspectors were not properly sworn.

It is conceded by appellant that under a long line of decisions in this State the doctrine is firmly established, that irergularities in the holding and conduct of popular elections will not invalidate them where they have been free and fair and the result was not changed by reason of such irregularities. State ex rel. McClenny v. County Commissioners of Baker County, 22 Fla. 29; State ex rel. Bisbee, Jr., v. Board of County Canvassers of Alachua County, 17 Fla. 9; State ex rel. Smith v. Burbridge, 24 Fla. 112, 3 South. Rep. 869; Carn v. Moore, 74 Fla. 77, 76 South. Rep. 337.

The appellant contends, however, that as all the Florida cases upon this subject dealt with political or popular elections, and not with such an 'election as is here under consideration, whereby a tax is to be levied upon property, a different rule should govern; and that in elections for the latter purpose the officials charged with calling and holding the election should be held to a strict conformity to the terms of the election law, and any departure therefrom will be fatal to the attempt to exercise it. In support of this proposition counsel has cited several decisions from the Supreme Court of Kentucky,

which lay down this doctrine: "The general rule is well established that a mere irregularity in the conduct of an election will not render it void; and it has been held that the holding of an election by persons who are not officers *de jure* but who had colorable authority and who acted *de facto* in good faith, was not so grave an irregularity as to avoid the election. However, when it comes to the imposition of a tax, the prescribed authority which authorizes the execution of that great power should be carefully followed in every material respect. The power to tax is a high governmental power, but fortunately for the people, it cannot be exercised by legislative authority without limit; and when the legislature grants the high power to another tribunal it can only be exercised in strict conformity to the terms in which the power is granted, and a departure in any material part will be fatal to the attempt to exercise it.

"We are aware that in matters of this kind the courts are inclined to give the statute a liberal construction in aid of its beneficent purposes. But we must not lose sight of the fact that in the taking of private property for public uses, no matter how meritorious the object may be, the forms prescribed by law must in their true spirit be followed. Here the requirements of the law are simple. They can be as easily followed as disregarded, and it is far better that the public inconvenience growing out of the delay should be suffered than that the constitutional rights of the citizens be imperilled."

With all due respect to the decisions of the Supreme Court of that great State we cannot adopt this doctrine without doing violence to a long line of decisions in this State, nor do we think that a different rule should be applied to political or popular elections and those which authorize the imposition of a tax. The liberty of the

people, the sacredness of the Constitution itself, may easily become the issue in a popular election, and while we recognize the importance of jealously guarding the rights of property, we are not prepared to lay down a rule which will make an election involving the power to levy a tax, more important than one to preserve the liberties of the people, by holding that in the conduct of the former, there must be a more rigid compliance with the letter of the law, than in the latter.   In both, the spirit of the law should govern.

There have been decisions in this State on the rules governing the conduct of popular elections which involved the levying of a tax, and while the question presented in this case was not raised in them, still this court followed the rule which governs all other elections.   The case of Stockton v. Powell, 29 Fla. 1, 10 South. Rep. 688, was a suit for an injunction to restrain the County Commissioners of Duval County from issuing bonds authorized by a vote of the people, and this court said:   "The mere fact that oaths of inspectors and tally lists may have been transmitted to an officer not authorized to receive them is an irregularity which does not affect the result of an election or the legality of the canvass of returns duly made. or votes cast at the election.   See also Pickett v. Russell, 42 Fla. 116, 28 South. Rep. 764, where the question of levying a tax was involved.

Section 877 of the General Statutes of Florida, 1906, provides that "all special road district elections should be held and conducted in the manner prescribed by law for holding a general election, except as provided in this chapter."   No distinction is made in the method of holding special road district elections and general elections and the decision of this court governing the latter must be taken to apply to the former.

The judgement of the lower court is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.