REGINA V. G. MILLHEISER, Plaintiff, v. BEAU-SITE COMPANY, Defendant.

Supreme Court, New York County, June 24, 1927.

Inns and innkeepers — property of guests — action to recover $50,000, value of jewelry stolen in 1919 from hotel safe by clerk — value was not stated when jewelry was delivered for safekeeping — defendant liable only to extent of $250, under General Business Law, § 200, as it read prior to amendment in 1923.

The defendant, the proprietor of a hotel, is not liable to the plaintiff in the sum of $50,000, the value of jewelry delivered by the plaintiff to a clerk in defendant's hotel in 1919 for safekeeping and later stolen by a clerk of the hotel, since it appears that the value of the property was not stated when it was delivered for safekeeping, and since at the time of the loss section 200 of the General Business Law limited the liability of the defendant to $250. The defendant is liable only to the extent of $250.

ACTION against innkeeper for loss of articles placed in the safe in the office for safekeeping.

*Butcher, Tanner & Foster*, for the plaintiff.

*Edwards, Murphy & Minton*, for the defendant.

TIERNEY, J. The defendant is the proprietor of the Hotel Biltmore. In 1919 the plaintiff was a guest. On May twentieth of that year she delivered certain packages to a clerk of the defendant to place in the safe in the office for safekeeping and received the key to a box. On June thirteenth, on opening the box, certain articles of jewelry were found to be missing. The articles taken were of the value of $300,000. All have been recovered except those of a value of $50,000. The theft was made by the clerk who received the packages. The contents of the packages or their value were not disclosed when the deposit was made. The liability of an innkeeper for money, jewels or ornaments belonging to guests rests no longer simply upon common-law principles. It is regulated by section 200 of the General Business Law. The innkeeper may provide a safe for the safekeeping of such articles. Guests who fail to avail themselves of the protection of such deposit forfeit their claim for loss by theft or otherwise. The innkeeper does not thereby have to provide the elaborate protection of a safe-deposit company for the guarding of valuables of unlimited value. He is not obliged to receive for safekeeping property on deposit exceeding $500 in

value. He may do so, but unless there is a special agreement in writing he is not liable for any loss exceeding $250 ($500 since May 21, 1923, by the enactment of chapter 417 of the Laws of 1923). If the plaintiff had advised the defendant that she wished it to take charge of jewelry of the value of $300,000 it might have considered its facilities inadequate to such a charge and refused to assume responsibility for more than $500 worth or it might have adopted special precautions to safeguard articles of such value. As the packages were delivered without notice of any value out of the ordinary and without request for a special agreement the innkeeper might assume that it was undertaking a trust measured by the statutory limit of $250. The statute as it read at the time of this loss annulled the liability of the innkeeper for any loss exceeding $250 by theft or otherwise. It is urged that this does not apply to a theft by an employee of the innkeeper, but only to a theft by an outside party. The statute does not expressly contain any limitation upon the ordinary meaning of the ordinary words employed. This, however, is not conclusive. A limitation upon the application of the words used might be implied if necessary to make the provision workable and reasonable. This statute applies only to a limited class of articles, jewelry, money and ornaments, whose compact size and concentrated value render them specially exposed to theft, but which are ordinarily not out of the custody of the owner. The common-law liability of an innkeeper as an insurer of the safety of such articles when actually or figuratively under his control became inappropriate to the conduct of a modern hotel. The Legislature modified it by permitting the innkeeper to substitute the security of a deposit in a safe and leaving him liable only to guests who availed themselves of this security. The guest surrendered the custody of the articles to an innkeeper who had the means of safekeeping them in the shape of an iron safe. In the present case the guest was given a key to a box whose lock required the key and a master key to open it, like a safe-deposit-box. In this way the guest participated in guarding access to the articles. But the statute does not contemplate any such elaborate procedure. It contemplates a complete surrender of possession to the innkeeper. The deposit of the valuables with the innkeeper is not for his benefit, but for the convenience of the guests. He has relieved himself of his common-law liability when he furnishes the safe. The deposit of articles in the safe revives his liability. To what extent? Must he be prepared to take charge of articles of unlimited value for whose custody a safe-deposit vault would alone be adequate? Obviously this would be impracticable when one recalls that the

act applies to all inns, small as well as large. The Legislature determined that a traveler or guest might reasonably expect to have an innkeeper take charge of jewelry, money and ornaments to the value of $500. Beyond that the innkeeper might refuse to assume charge or responsibility for such articles. If a guest brought money, jewelry and ornaments of greater value than $500 he would have to retain their custody and do his own safeguarding unless the innkeeper was willing to waive his right of refusal and did accept possession of the goods. If the innkeeper accepts charge of the articles he resumes his common-law responsibility as an insurer of their safety while in his custody. It is not the intention of the statute to place a compulsory liability upon the innkeeper for the care of goods exceeding $500 in value; it would be inconsistent to hold him responsible without limitation for the value of the articles actually received. Accordingly, he is not liable in any sum exceeding $250 unless by special agreement in writing. The innkeeper is not required to be an expert appraiser or an inquisitor into the contents of the packages delivered to his care. If the guest sees fit to intrust the innkeeper with a package without disclosing its contents the innkeeper should be authorized to assume that the limit of liability to $250 was regarded as adequate and accepted by the guest and that if a greater liability was intended to apply it would be made the subject of a special agreement. It is only when the guest asks for an agreement removing the limit of $250 that the innkeeper has an opportunity to protect himself by refusing to assume charge of articles of more than $500 in value or by special arrangement. These limitations are not prescribed by the innkeeper but are a part of the statute law. The cases that hold that an innkeeper may not make an agreement to limit his liability for theft committed by his employees do not control. The guest in the present case, without any notice that the contents of the packages were not of the ordinary character for whose loss the statutory limit of $250 would be adequate or exceeded $500 in value, placed the innkeeper in the position of being intrusted with the care of articles of an actual value of $300,000, a ruinous responsibility for any ordinary hotel proprietor. The statute plainly intended that no such responsibility should be undertaken by a deposit made in this way. It limits the liability to a specified amount for loss by theft or otherwise. In spite of the purpose of the statute to prevent an assumption of risk of unlimited amount, was it intended by the Legislature that the innkeeper should still remain an insurer of the honesty of his employees to any undisclosed amount where the packages were deposited in apparent compliance with the statute? I think that the deposit of the packages in presumed

knowledge of the statutory limitations without any disclosure of the real value or request for a special agreement and their acceptance by the innkeeper constituted a stipulation as to value and that the plaintiff is estopped from claiming a greater value. At the close of the case both sides moved for the direction of a verdict and consented that decision should be reserved. I direct the clerk to enter in his minutes that the jury render a verdict in favor of the plaintiff for $250 by direction of the court with an exception to the plaintiff to the refusal of the court to direct a verdict in her favor for a larger amount. Thirty days' stay and sixty days to make and serve a case.