STATE, *ex rel.* O. H. "OSCAR" THOMAS, v. SUE SIMPSON, as Supervisor of Registration, etc., *et al.*

183 So. 721.
Division A.
Opinion Filed October 10, 1938.

*Scruggs & Sobol,* for Plaintiff in Error;

*Baxter & Clayton,* for Defendants in Error.

TERRELL, J.—Plaintiff in Error, as relator, brought this proceeding to coerce a recount of the ballots cast for County Commissioner in precincts five, seven, and twenty-eight of Alachua County in the 1938 June primary. The petition is predicated on fraud in that it charges that the inspectors of election in said precincts counted and tallied votes for B. M. Tench that were voted for and should have been tallied and counted for Relator.

The respondents filed their return to the alternative writ in which they denied all the material allegations of the petition. Testimony was taken on the issue so made and on final consideration, the trial court ·denied the motion for peremptory writ and dismissed the cause. Writ of Error was taken to this judgment.

Three questions are argued here but all turn on the fact of whether or not the integrity of the ballot boxes brought in question was preserved from the time the election was held until they were brought before the Court to be examined and placed in evidence.

Much testimony was taken on this point. The trial court found that from the time of the election to the date of trial, the ballot boxes were kept in three different places and were not sealed, that they were out of the possession of the supervisor of registration for at least fifteen days, during which time they were accessible to others and could easily be unlocked without any trace thereof being observed. He further found that ballot boxes five and seven could be easily opened without a key and that there was grave doubt about whether the key to box twenty-eight had been preserved.

The evidence supports this finding and the grounds urged for reversal do not overcome it. It is strengthened by the fact that the trial court took the evidence, observed the demeanor of the witnesses, was familiar with the removal and custody of the ballot boxes, the persons who participated therein and the local color surrounding the election.

The duty was on relator to show by clear and satisfactory proof that the integrity of the ballot boxes had been preserved and when done, it became the duty of respondents to show that they have in reality been tampered with or that they have been exposed in such a manner that they might have been tampered with. Farmer v. Carson, 110 Fla. 245, 148 So. 557; State, *ex rel.* Peacock, v. Latham, 125 Fla. 799, 170 Sou. 475.

We find no direct showing of fraud on the part of anyone involved in this litigation but there is indisputable showing that the boxes were exposed in such a way as to permit their being tampered with and too many suspicious cir-

cumstances are proven to remove the infirmity lodged against them and permit them to be opened and the ballots counted.

Having reached this conclusion, the other questions raised vanish so the judgment below is affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.