## DICK–CLELAND et al. v. 800 WASHINGTON AVE., Inc.

No. 10958.

Circuit Court of Appeals, Fifth Circuit.

June 21, 1944.

R. Emmett Kerrigan, of New Orleans, La., for appellants.

Dewey Knight and George J. Baya, both of Miami, Fla., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The three cases before us were consolidated and tried together. The lower court directed verdicts in favor of the appellee in each case, and separate judgments were entered on such verdicts. The appellee complains that a joint notice of appeal was given instead of separate notices, and that briefs were not filed in time. We are of opinion that the motion made here to dismiss the appeal is not well taken.

Certain paying guests of the Blackstone Hotel of Miami, Florida, deposited with that hotel clerk or manager money, jewels and precious stones, which were placed in the safety deposit boxes provided for guests. Soon after such deposits were made, armed robbers entered the hotel lobby and broke into and looted the strong boxes of their contents. The guests, who were insured by Lloyd's of London and other insurance companies, were paid for the loss of their property. Under the subrogation provisions of the policies, the insurance companies have brought this suit against the proprietors of the hotel to recover the amounts which they paid to the hotel guests for the loss of their deposited valuables.

The liability of an innkeeper or hotel proprietor for the loss of money, jewels and precious stones belonging to guests and which have been deposited rests no longer simply upon common-law principles. It is now regulated by statutes in the State of Florida. Decision here must turn upon the construction of the following Florida statutes:

"An iron safe shall be kept in every hotel in this state for the safe keeping of the valuables of its occupants." Sec. 510.03, F. S.A.

"The proprietor or manager of a hotel, apartment house, rooming house or boarding house in this state, shall, in no event, be liable or responsible for any loss of any money, jewelry or precious stones of any kind whatever belonging to any lodger, boarder, guest, tenant or occupant of or in said hotel, apartment house, rooming house or boarding house, unless the owner thereof shall make a special deposit of said property and take a receipt in writing therefor from the proprietor or manager or a clerk in the office of said establishment, which receipt shall set forth the value of said property. * * *" Sec. 510.04, F.S.A. Ch. 1999, Acts 1874, § 4, Ch. 9264, Acts 1923, § 11, Ch. 12052, Acts 1927, § 1, Ch. 16042, Acts 1933, § 40.

It is without dispute that the Blackstone Hotel kept an iron safe wherein its guests might, if desired, deposit their valuables.

The question of liability of innkeepers and hotel proprietors for embezzlement or theft by their officers or employees of valuables intrusted to them for safe keeping is not here before us for decision.

Guests depositing valuables with hotel proprietors and innkeepers in Florida, to avail themselves of protection against loss of such valuables, must follow strictly the mandates of the Florida statutes. In no event will an innkeeper or hotel proprietor be responsible for loss of money, jewelry or precious stones of any kind whatever deposited with them and belonging to their guests unless the owner thereof shall make a special deposit of said property and take a receipt in writing therefor from the proprietor or manager or a clerk in the office of said establishment, which receipt shall set forth the value of the property. Ely et al. v. Charellen Corporation, 5 Cir., 120 F.2d 984; Norris v. Manischewitz Broadway Cent. Hotel Inc., 129 Misc. 329, 221 N.Y.S. 363; Millheiser v. Beau Site Co., 129 Misc. 855, 223 N.Y.S. 733; Rains v. Maxwell House Co., 112 Tenn. 219, 79 S.W. 114, 64 L.R.A. 470, 2 Ann.Cas. 488; Hyatt v. Taylor, 42 N.Y. 258.

It is without dispute that compliance with the statute was not made by the guests of the Blackstone Hotel in these cases, and

240

therefore, the appellee is not liable for the loss of the valuables in question.

We find no reversible error in the record, and the judgment is affirmed.

WALLER, Circuit Judge, did not participate in this decision.