LAZARE KAPLAN & SONS, Inc., a corporation, Plaintiff,

v.

PENSACOLA HOTEL COMPANY, a corporation, Defendant.

S. LESSE & SONS, Inc., a corporation, Plaintiff,

v.

PENSACOLA HOTEL COMPANY, a corporation, Defendant.

Civ. A. Nos. 853, 854.

United States District Court
N. D. Florida,
Pensacola Division.

July 11, 1957.

Arthur I. Winard, of Lane & Winard, New York City, Wm. Fisher, Jr., of Fisher & Hepner, Pensacola, Fla., for plaintiffs.

E. Dixie Beggs, of Yonge, Beggs & Lane, Pensacola, Fla., for defendant.

DE VANE, Chief Judge.

In the above captioned cases the legal questions and factual situations presented are identical, and for that reason, the cases have been consolidated for hearing on the motions before the Court to dismiss each case. Both complaints are drawn in three counts and seek to recover the value of jewelry in sample cases deposited by agents of the plaintiffs, who were guests of the San Carlos Hotel, in the vault of the hotel operated by defendant and stolen therefrom by unknown persons. The three counts are based on (1) common-law bailment, (2) negligence, and (3) allegation of a waiver by the hotel company of the protection provided it by the Florida Statute (F.S.A. § 509.111) and thus rendering itself liable under the common-law bailment and negligence theories.

The complaint in each case makes the following allegations of fact, which must be accepted as true on these motions to dismiss: The plaintiff in each case is a jewelry house selling to retail outlets in various cities widely scattered over the country; defendant operates the San Carlos Hotel in Pensacola, Florida; on or about September 30, 1956, each plaintiff was the owner of a large quantity of diamonds and other jewelry, which had been delivered by each to its salesman who was traveling around the country and calling on the trade; that on the date above mentioned, each salesman was a paying guest at the San Carlos Hotel and delivered his specially designed sample case containing the jewels to a hotel employee for safekeeping and advised the employee that the contents were valuable; that the employee accepted the sample cases for safekeeping and gave the salesman a check stub corresponding with the check affixed to each sample case; that on the following morning, October 1, 1956, when each salesman requested the case and contents be returned to him, it was discovered that during the night each case had become lost or stolen.

The liability of an innkeeper or hotel proprietor for the loss of money, jewels and precious stones belonging to a guest and which have been deposited with the hotel for safekeeping rests no longer in Florida simply upon common-law principles. It is now regulated by statutes of the State of Florida. The decision here must turn upon the construction of the following Florida Statutes:

"509.111    Liability for property of guests and tenants

"(1) The proprietor or manager of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state shall, in no event, be liable or responsible for any loss of any moneys, securities, jewelry or precious stones of any kind whatever belonging to any lodger, boarder, guest, tenant or occupant of or in said hotel, apartment, rooming house, boarding house, motor court or trailer court, unless the owner thereof shall make a special deposit of said property and take a receipt in writing therefor from the proprietor or manager or a clerk in the office of said establishment, which receipt shall set forth the value of said property; provided, however, that no proprietor or manager or clerk in the office of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state shall be obliged to receive from any one

lodger, boarder, guest, tenant or occupant of or in said hotel, apartment house, rooming house, motor court, trailer court or boarding house, a deposit of any money, securities, jewelry or precious stones of any kind whatever, exceeding a combined total value of one thousand dollars or shall he be liable in damages in a sum in excess thereof unless such proprietor, manager, or clerk accept voluntarily such chattels for safekeeping, having a combined total value in excess of one thousand dollars, then and in such event he shall be liable in damages in a sum equal to the damage sustained by such lodger, boarder, guest, tenant or occupant."

"509.121 Safe to be kept

"An iron safe shall be kept in every hotel in this state for the safekeeping of the valuables of its occupants. Former § 510.03."

There are no decisions by the Florida Supreme Court construing these statutes, but the Court of Appeals, Fifth Circuit, has considered the same in two cases. The first was that of Ely v. Charellen Corporation, 120 F.2d 984, and the second decision was that in Dick-Cleland v. 800 Washington Ave., Inc., 143 F.2d 238. These decisions, and particularly the latter, appear to be controlling in these cases.

In the Ely case, the property of the guest was stolen from her room in her absence. She had not complied with the requirement of the Florida statute by making a deposit of the jewelry with an employee of the hotel for safekeeping, declaring its value and taking a receipt therefor. In that case, the guest sought to recover on the ground that the hotel had failed to post notice in her bedroom, notifying guest of the legislative requirements with reference to the safekeeping of jewelry, and that she had no knowledge of the hotel rules or the law applicable thereto. The Court held that the failure to post notice in the room did not relieve the guest from the statutory obligation of depositing her jewelry with the hotel for safekeeping, as required by law.

In the 800 Washington Ave., Inc., case, supra, the guest had deposited the jewelry for safekeeping in a safety deposit box provided for guests for that purpose, but the guest failed to comply with the Florida statute regulating liability of innkeepers for jewelry or precious stones so deposited, and the Court held that this failure on the part of the guest relieved the hotel of liability for the loss of the jewelry to armed robbers, who entered the hotel lobby and broke into and looted the strong boxes of their contents.

The only difference in the statute construed by the 800 Washington Ave., Inc., case and the statute now before the Court is an amendment added to this statute by the Legislature in 1947. Prior to this amendment, hotels were required to accept money, securities, jewelry or precious stones of any kind whatever from guests who desired to deposit the same and declare the value thereon with the hotel. Such was the statute when the 800 Washington Ave., Inc., case was decided. The amendment of 1947 added to this statute the following proviso:

"Provided, however, that no proprietor or manager or clerk in the office of a hotel * * * in this state shall be obliged to receive from any one lodger, boarder, guest, tenant or occupant of or in said hotel * * * a deposit of any money, securities, jewelry or precious stones of any kind whatever, exceeding a combined total value of One Thousand Dollars ($1,000.00) or shall he be liable in damages in a sum in excess thereof unless such proprietor, manager, or clerk accept voluntarily such chattels for safekeeping, having a combined total value in excess of One Thousand Dollars ($1,000.00), then and in such event he shall be liable in damages in a sum equal to the damage sustained by such lodger, boarder, guest, tenant or occupant."

It is the position of plaintiffs in these cases that this amendment to the statute in effect relieves the guest from the duty of declaring the value of the property deposited and makes the hotel liable if an employee of same voluntarily accepts for safekeeping the property in question, without requiring the guest to comply with the statute with reference to a declaration of its value.

Such an interpretation of the amendment of 1947 to the Act that had been the law of Florida for many years would be to wholly disregard the purpose sought to be accomplished by the Legislature through the amendment. The purpose of this amendment clearly was to relieve the hotel from the responsibility of accepting deposits of great value and by so doing, making the hotel liable therefor in case of armed robbery or theft of such property while in the custody of the hotel.

The Supreme Court of Florida in Therrell v. Smith, 134 Fla. 197, 168 So. 389, 392, in construing the legal effect of a proviso held:

> "A proviso should be construed together with the enacting clause and with a view to giving effect to each part of the act and to carrying out the intention of the Legislature as manifest by the entire act and other acts in pari materia. Where by reason of omission or by accidental mistake in the use of words, the proviso can be given no sensible effect, it will be disregarded."

See also 82 C.J.S. Statutes § 381 b(1), p. 885.

Clearly, the 1947 amendment to the law as it stood before that time had no other effect than to relieve the hotel from the *duty* of accepting valuables in excess of one thousand dollars where the hotel is unwilling to be responsible for valuables in excess of that amount. Liability of the hotel attaches only in those cases where a declaration of value, as required by the statutes, is made by the guest and the hotel then "accept[s] voluntarily such chattels for safekeeping".

The complaints in these cases allege that the hotel failed to maintain the iron safe required by Section 509.121, Florida Statutes 1955, F.S.A. The complaints allege that the hotel maintained a vault instead of an iron safe and that the door of the vault was left open and the lock had been inoperative for a long period of time. Assuming these allegations to be true, this failure on the part of the hotel does not render it liable to the guests where the complaints show, as they do here, that there was a complete failure on the part of the guests to comply with the requirements of Section 509.111 of the statutes with reference to making a declaration of the value of the property left with the hotel at the time it was deposited for safekeeping by the guests.

This Court is of the opinion that the earlier decisions of the Court of Appeals, Fifth Circuit, in the two similar cases cited above are controlling here, and that each motion to dismiss should be granted. An appropriate order in conformity herewith will be entered in each case.