HORTON, Judge.
The appellee owned a house trailer which was.located on space in the Ollie Trout Trailer Park. Before departing the Miami *279 area, appellee gave instructions to Sidney ■Olsen, manager of the trailer park, to release the trailer to his brother, Donald, who was due to arrive from the north within the next few days. Approximately a week later, one Louis Levensque appeared at the trailer park, falsely representing himself to he Donald Carmell, and obtained possession of the trailer from Olsen. Levensque was subsequently apprehended and convicted, of the theft. The trailer was returned to appellee, though damaged to some extent.
This suit was brought against the trailer park and Olsen to recover damages for the personal items removed from the trailer, damages to the trailer and transportation costs occasioned by Olsen’s negligently releasing the trailer to the thief. Upon a jury trial, the court refused to instruct the jury, at the request of the appellant, to the effect that damages, if found, should be limited to $100, pursuant to § 509.111(2), Fla.Stat., F.S.A.[1] Subsequently, the jury returned a verdict for the appellee in the amount of $700. Judgment was entered on the verdict and the defendants appealed.
The sole issue presented is the trial court’s failure to instruct the jury pursuant to § 509.111(2) supra. It immediately becomes apparent that house trailers were not under consideration by the legislature when the act was originally passed in 1874 (§ 4, Ch. 1999). It was not until 1947 that motor courts and trailer courts were included along with hotels, apartment houses, rooming houses and boarding houses. However, we feel the intent of the statute was to limit the liability of hotels, etc., for goods deposited for safekeeping when their value could not be ascertained without some disclosure from the tenant. See Lazare Kaplan & Sons Inc. v. Pensacola Hotel Company, D.C., 153 F.Supp. 31, affirmed 5 Cir., 1958, 253 F.2d 410. If such disclosures were not required, the hotel, motel, boarding house, apartment, etc., managements would have no way to ascertain the value of goods deposited with them that were subsequently lost or stolen.
Conversely, we do not feel the legislature intended to limit the liability of a trailer court operator for his negligent act in releasing to another control over a trailer located on the premises, the value of which is self-evident. In such cases, the trailer owner pays for the space on which the trailer or lodging facility rests, but not for the actual facilities afforded by the-trailer itself. In such circumstances the trailer court operator would have no control over the interior of a trailer such as would the manager of a hotel, motel or boarding house over the interior of their lodging facilities. The facts presented we conclude rendered inapplicable the limited liability provisions of the statute.
Accordingly, the judgment is affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.

. “The proprietor or manager of a hotel, apartment house, rooming house, motor court, trailer court or boarding house in this state, shall, in no event, be liable or responsible to any lodger, boarder, guest, tenant or occupant for the loss of wearing apparel, goods or other property, except as provided in subsection (1) hereof, unless it shall be made to appear by proof that such loss occurred as the proximate result of fault or negligence of such proprietor or manager or an employee thereof, and in case of fault or negligence he shall not be liable for a greater sum than one hundred dollars unless, the lodger, boarder, guest, tenant or occupant, shall, prior to the loss or damage, file with the proprietor, manager or clerk of said establishment an inventory of his effects and the true value thereof, and such proprietor, manager or clerk is given the opportunity to inspect such effects and check them with such inventory; provided however, that the proprietor, manager or clerk of a hotel, apartment house, rooming house, motor court, trailer court, or boarding house in this state, shall, in no event, be liable or responsible to any guest, lodger, boarder, tenant or occupant for the loss of wearing apparel, goods or other property or chattels, scheduled in such inventory in a total amount exceeding five hundred dollars.”