SWANN, Judge.
The appellant, Robert M. Brake, plaintiff below, appeals from an order denying his application for a temporary injunction and dismissing his complaint.
The record reflects the following facts essential to this appeal. The plaintiff was a candidate in District 107, Dade County, Florida, for the Democratic nomination for the House of Representatives of the Florida Legislature at a special primary election held on Tuesday, February 28, 1967. The unofficial returns announced on February 28, 1967 indicated that he had placed third in the election and would not be in the run-off election scheduled for March 14, 1967.
After 5:00 P.M. on Friday, March 3, 1967, he delivered a letter to the office of the chairman of the Dade County Canvassing Board, but it did not come to the attention of the chairman until Saturday, March 4, 1967. Essentially, the letter indicated that the plaintrif believed that the election returns from Precincts 1 through 326 were erroneous. The basis for the protest letter was that “many errors were found in the unofficial returns as shown by the official tally sheets and I believe that an examination of the machines and a comparison of the totals on the machines with the totals reported by the various precincts will show a difference sufficient to affect the outcome of said election.
On Monday, March 6, 1967, the chairman of the Board advised the plaintiff, by letter, that the Canvassing Board had completed its work; certified the election results to the proper authorities, and adjourned before noon on March 2, 1967, and that under Section 102.166, Florida Statutes, F.S.A., it was necessary for the protest to be filed with the Board prior to the time it adjourned; and that the protest was filed too late.
On March 7, 1967 the plaintiff filed his complaint for declaratory decree and other relief, setting forth, inter alia, the afore *12 said factual allegations and praying, generally, that the supervisor of elections of Dade County be restrained from destroying ballots by changing the totals of the voting machines until such time as a recount had been made; to direct that a recount of the election be made, or to declare the election to be null and void, and for the court to require new elections for the Democratic nomination to the House of Representatives, District 107.
The defendants’ answer denied the allegations of the complaint and affirmatively alleged, generally, that the plaintiff’s written protest was not timely filed; that there was not a sufficient basis specified in the protest; that the supervisor of elections had already reset slightly more than one-half of the voting machines in Dade County in order to attempt to prepare them for the run-off election set for March 14, 1967; and that there was no basis to conclude that a verification of the election returns and certificates would affect the outcome of the election of February 28, 1967, as certified by the County Board on March 2, 1967, and as certified by the State Board on March 3, 1967.
A hearing was held on the application for temporary injunction on March 8, 1967, at which time the only testimony taken was from the chairman of the Dade County Canvassing Board and the supervisor of elections for Dade County, Florida. No testimony was offered by the plaintiff.
The court below, after hearing, entered its order denying the plaintiff’s application for temporary injunction and dismissing his cause, from which order this appeal has properly been taken.
The order on appeal does not adjudicate, or discuss, the question of the timeliness of the written protest filed by the plaintiff on March 3, 1967; nor does it adjudicate, or discuss the sufficiency of the basis for plaintiff’s protest filed with the Dade County Canvassing Board. The order on appeal does contain, in pertinent part, the following:
% ?ji ?}c :}c i}c
“Plaintiff has failed to specify any error in any return or in the official canvass or to aver postively [sic] that the errors are sufficient to produce a different result. Without such allegations and proof the Court may not interfere with or disturb the election. McQuagge v. Conrad, Fla., 65 So.2d 851, 853 (1953); Carn v. Moore, 74 Fla. 77, 76 So. 337, 340 (1917); and Pickett v. Russell, 42 Fla. 116, 28 So. 764, 769-771 (1900). Plaintiff has suggested no way in which he can supply these omissions. The refusal of the Canvassing Board, after it had completed its canvass and certified the results, to verify all returns as requested by plaintiff, even if error did exist as plaintiff contends, would not warrant setting aside the election as plaintiff prays. Willets v. North Bay Village, Fla., 60 So.2d 922, 924 (1952); Gilligan v. Special Road and Bridge District No. 4, 74 Fla. 320, 77 So. 84, 85 (1917).”
* * * ‡ * *
We concur in these findings and the rulings as rendered by the court below.
In addition, we note that the complaint filed on behalf of the plaintiff did not allege any fraud. Generally, elections in Florida will not be set aside as void, unless fraud has been perpetrated or corruption or coercion practiced to a degree to have affected the result. Carn v. Moore, supra.
It here appears that the election officials of Dade County, Florida had complied with Section 101.56, Florida Statutes, F.S. A., which requires, generally, that they shall lock the voting machines as soon as the voting count is completed and ascertained, and that the machines should remain locked for five days when another election is to be held [as herein] within three weeks.
The law is well settled that election ballots cannot be used to impeach an official return unless the integrity of the bal *13 lots is first clearly established by the plaintiff. See Burke v. Beasley, Fla.1954, 75 So.2d 7, 9; State ex rel. Thomas v. Simpson, 134 Fla. 197, 183 So. 721 (1938).
No clear abuse of discretion sufficient to upset the chancellor’s ruling denying the temporary injunction has been shown by the plaintiff. See AAA Auto Leasing, Inc. v. Morse Taxi and Baggage Transfer, Inc., Fla.App.1967, 204 So.2d 902, (opinion filed December 5, 1967); Stirling Music Co., Inc. v. Feilbach, Fla.App.1958, 100 So.2d 75; North Dade Water Co. v. Adken Land Co., Fla.App.1959, 114 So.2d 347; Cunningham v. Dozer, Fla.App.1964, 159 So.2d 105; Durable Uniform and Linen Supply Co. v. Sanitary Linen Service Co., Fla.App.1966, 183 So.2d 226.
The order appealed from must be and the same is hereby
Affirmed.