PER CURIAM.
Appellant Bob Napp, plaintiff below, was a candidate in an election for councilman in the City of Miami Beach. Following the election, he filed a complaint whereby he sought the following relief:
“WHEREFORE, Plaintiffs[1] pray that the Court:
“A. Enter a temporary restraining order enjoining Defendants from certifying the Group 4 election results as final and official until a speedy fact hearing can be held.
“B. Enter an order impounding the 706 disqualified ballots and make a determination of whether they were tampered with or properly disqualified.
“C. Enter a declaratory judgment determining and adjudicating the legal status and validity of the new computer-punch card election system.
“D. After a final hearing, enter a permanent injunction against the results of the November 1, 1977 election in the City Council Group 4 race.
“E. Order a special election to be held in Group 4.
“F. Grant Plaintiffs such other relief as the Court deems appropriate and just.”
As grounds for the relief sought, the complaint alleged (1) that the system of voting by punch cards is unconstitutional, (2) that the election system of disqualifying double-punched cards violates the due process under the Florida and United States Constitutions, and (3) that the election results in Group 4 (council election group) may be tainted by violations of Dade County and Florida antielectioneering in polling place laws.
The trial court dismissed the complaint upon a holding that the grounds alleged did not support the relief sought in that the plaintiff political candidate did not allege that the irregularities complained of, if corrected, would cause a result different from that which the election had achieved. This test for determining the validity of a candidate’s challenge of election results has been upheld in many cases in Florida. See McQuagge v. Conrad, 65 So.2d 851 (Fla.1953); Carn v. Moore, 74 Fla. 77, 76 So. 337 (1917); Pickett v. Russell, 42 Fla. 116, 634, 28 So. 764 (1900); Nelson v. Robinson, 301 So.2d 508 (Fla. 2d DCA 1974); and Brake v. Gissendanner, 206 So.2d 10 (Fla. 3d DCA 1968).
The plaintiff, with permission of the court, filed an amended complaint, which was dismissed with prejudice. The amended complaint expanded the allegations of the original complaint but did not change their nature nor allege fraud or show that the alleged errors were sufficient to produce a different result.
On this appeal, it is urged that the court should have considered the complaint as one by a qualified voter contesting the legality of the election. We think that this argument is without effect because both the original and the amended complaints were clearly seeking relief for the candidate, that is, as prayed for in the amended complaint, that the court declare:
“. . . Bob Napp, to be the successful candidate in Group 4; further order and declare his entitlement to the office of commissioner or councilman of the City *536 of Miami Beach as of November 2, 1977 and order that he be sworn in as such.”
An additional point on appeal seeks reversal of a post-judgment order which denied the plaintiff’s motion to examine certain ballots. After having dismissed the cause, the trial court had no further jurisdiction in the matter. See Osborne v. Shell Oil Company, 104 So.2d 670 (Fla. 1st DCA 1958).
Having determined that the court correctly dismissed plaintiff’s original complaint and his amended complaint, the judgment appealed is affirmed.
Affirmed.

. Two other unsuccessful candidates in the same election were removed as plaintiffs in this cause by an Amendment to Complaint which was filed the same day as the complaint.