399 So.2d 1021 (1981)
Sondra J. ANDERSON, Appellant,
v.
CANVASSING AND ELECTION BOARD OF GADSDEN COUNTY, FLORIDA as Constituted by J. Love Hutchinson, Forrest Davis and Richard Hood, Chairman; J. Love Hutchinson As Supervisor of Elections of Gadsden County; and Denny Hutchinson, Candidate for Supervisor of Elections for Gadsden County, Appellees.
No. YY-410.
District Court of Appeal of Florida, First District.
May 29, 1981.
Rehearing Denied July 7, 1981.
Marlow V. White, Jr. of Busch & White, Tallahassee, for appellant.
John Shaw Curry and Joann G. Slay of Johnson, Harnett, Curry & Slay, Quincy, for *1022 Canvassing and Election Board, and James O. Shelfer of Gardner, Shelfer, Mendelson, Duggar & Thompson, Quincy, for Denny Hutchinson, appellees.
PER CURIAM.
Anderson appeals the judgment of the trial court which affirmed the Gadsden County Canvassing Board's (Canvassing Board) rejection of certain absentee ballots. We affirm.
Anderson was the unsuccessful candidate for the Democratic nomination for Supervisor of Elections of Gadsden County. Subsequent to the Canvassing Board's certification of defendant Denny Hutchinson as the Democratic nominee for this office, Anderson timely filed an election contest with the circuit court pursuant to Section 102.168, Florida Statutes (1979). In her complaint, Anderson alleged that the Canvassing Board improperly rejected at least 81 absentee ballots which if accepted would have affected the results of the election. Of these ballots the complaint alleged that the Canvassing Board improperly rejected 30 ballots because the electors had registered with a script signature but voted with an X; 10 ballots because the electors had registered with an X but voted with a script signature; 25 ballots because the signatures were of dubious authenticity; 8 ballots because the electors' names did not appear in the registration book; four ballots because the electors voted twice due to confused procedures of the incumbent Supervisor of Elections; two ballots because the electors' names were spelled differently on the ballot than in the registration book; one ballot because the elector printed his name to register but used a script signature to vote; four ballots because the electors cast two absentee ballots due to misinformation from the Supervisor of Election's office; one ballot because it was not properly witnessed.
On defendant's motion to dismiss, the court reviewed the complaint and ruled that the Canvassing Board had acted within its discretion as to the majority of ballots but determined that those rejected because of the differences in spelling, and the script versus printing should have been received because the discrepancies were insubstantial and in those instances where the voters mistakenly voted twice, one of their votes should have been counted. Since the number of votes improperly rejected would not have changed the results, the motion to dismiss was granted with prejudice.
On appeal, appellant urges that even in the absence of allegations of fraud or wrongdoing the trial court should have held an evidentiary hearing to allow appellant to present evidence on the validity of the contested ballots. Certainly, allegations of fraud or other wrongdoing are not necessary in order for the trial court to hold an evidentiary hearing, see e.g. Barber v. Moody, 229 So.2d 284 (Fla. 1st DCA 1969), Boardman v. Esteva, 323 So.2d 259 (Fla. 1979), however, under the circumstances of this case, a full hearing was not required.
The complaint set out with specificity each category of ballots rejected and the basis for that rejection. The trial judge reviewed each of these allegations in view of the criteria set out in Boardman,[1] and determined that the rejected ballots were either patently illegal or were found to be illegal by the Canvassing Board within the latitude of discretion conferred upon it.
In Boardman, at 268, fn.5 the Supreme Court agreed with the trial judge that:
The canvassing of returns, including absentee ballots, is vested in canvassing boards in the respective counties who make judgments on the validity of the ballots. Those judgments are entitled to be regarded by the courts as presumptively correct and if rational and not *1023 clearly outside legal requirements should be upheld rather than substituted by the impression a particular judge or panel of judges might deem more appropriate. It is certainly the intent of the constitution and the legislature that the results of elections are to be efficiently, honestly and promptly ascertained by election officials to whom some latitude of judgment is accorded, and that courts are to overturn such determinations only for compelling reasons when there are clear, substantial departures from essential requirements of law.
We reject appellant's argument that the Canvassing Board is not to compare the signatures on the absentee ballots with those in the registration book. While Section 101.68, Florida Statutes (1979) does not specifically state that signatures are included in the information the Canvassing Board is to compare, considering the nature of the absentee voting process the comparison of signatures would appear to be the most expeditious way of carrying out the Canvassing Board's duty of insuring that only those qualified and registered to vote are allowed to do so. See Boardman, at 267.
We must also reject appellant's argument that the outer envelope of the absentee ballot is equivalent to the affidavit an elector challenged at the polls must sign pursuant to Section 101.49, Florida Statutes (1979). As Justice Terrell noted in State ex rel. Whitley v. Rinehart, 140 Fla. 645, 192 So. 819, 823 (1939), "[P]urity of the ballot is more difficult to preserve when voting absent than when voting in person." The challenge to an elector at the polls involves a face-to-face confrontation between the elector and the election officials. Obviously, no such opportunity is available with absentee voters. Additionally, unlike the right to vote, which is secured to every citizen by the United States Constitution, and the various state constitutions, the ability to vote in absentia is a privilege, Rinehart; Spradley v. Bailey, 292 So.2d 27 (Fla. 1st DCA 1974). The Florida legislature created this privilege by enacting statutory provisions separate from those applicable to voting at the polls and specified different procedures for challenging absentee ballots. By establishing separate and distinct procedures for the two situations, the legislature has evidenced an intent that belies appellant's argument.
Upon examining appellant's third point urged for reversal, we find it to be without merit and we therefore affirm.
AFFIRMED.
SHAW and WENTWORTH, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.
NOTES
[1] Boardman at 269 established criteria by which irregularities in absentee ballots are to be judged:

(a) The presence or absence of fraud, gross negligence, or intentional wrongdoing;
(b) Whether there has been substantial compliance with the essential requirements of the absentee voting law; and
(c) Whether the irregularities complained of adversely affect the sanctity of the ballot and the integrity of the election.