412 So.2d 925 (1982)
Durwood SMITH, Appellant,
v.
Jesse P. TYNES, Jr.; Thad Crossley, Larry Smith, and L.H. Lancaster, All Constituting the Clay County Canvassing Board, Appellees.
Case No. AE-329.
District Court of Appeal of Florida, First District.
April 14, 1982.
Frederick B. Tygart, Jacksonville, for appellant.
*926 Charles E. Waite of Cobb & White, Orange Park, for appellee Jesse P. Tynes.
Eugene F. Shaw, Green Cove Springs for appellee Clay County Canvassing Bd.
JOANOS, Judge.
Smith's amended complaint was dismissed, with prejudice, for failure to state a cause of action and he appealed. We affirm.
Smith and Tynes were candidates for election to the office of superintendent of schools in Clay County. Tynes won the democratic primary held September 9, 1980, and, due to the absence of opposition in the general election, became superintendent. Smith challenged the result of the primary election alleging a cause of action under Section 102.168, Florida Statutes, together with violations of various subsections of Chapters 104 and 106, Florida Statutes. Specifically, in his amended complaint Smith alleged: on September 5, 1980, the "Clay Today" newspaper ran an article stating that Tynes had been endorsed by the political action committee of the Clay County School Board Employees' Association, even though the Association had failed to file a disclosure statement pursuant to Section 106.144; on September 9, 1980, a campaign worker for Tynes placed a campaign sign within one hundred yards of a precinct, in violation of Section 104.36; a poll worker failed to remove the sign on request, in violation of Section 104.36; the same poll worker failed, on request, to place a marker one hundred yards from the polling place in order to prevent solicitation near polling places, in violation of Section 104.051; on September 4, 1980, Tynes ran a newspaper ad reflecting that he had the support of the Clay County Administrators Association, even though he had actual or constructive knowledge that the Administrators Association had not complied with the disclosure requirements Section 106.144. Smith further alleged that the enumerated violations "had an insidious and devastating effect upon the election for the office of superintendent of schools in Clay County, Florida to the extent that they were sufficient to produce a different result and had these acts not occurred, plaintiff, Durwood Smith, would have received a sufficient number of votes to win the democratic nomination for the office of superintendent of schools instead of defendant, Jesse P. Tynes, Jr." Finally, Smith alleged that the enumerated acts constituted fraud and misrepresentation to the electorate sufficient to produce a different result.
The trial court dismissed the amended complaint with prejudice, pursuant to the following findings and conclusions:
None of the allegations contained in the complaint in any way alleges that the defendants violated any election laws. The plaintiff makes a bald allegation that the technical violations alleged were sufficient to produce a different result in the election. The law requires more than a mere allegation that such a violation could produce a different result; it must be shown that such violations would produce a different result.
The trial court correctly assessed the situation. Section 102.168 establishes the criteria for an election contest. That section provides, in pertinent part:
The certification of election or nomination of any person to office, ... may be contested in the circuit court by any unsuccessful candidate for such office or nomination thereto... . Such contestant shall file a complaint ... and the complaint shall set forth the grounds on which the contestant intends to establish his right to such office... .
It is established that in order to contest election results under this section, the challenger must show that, but for certain irregularities, the result of the election would have been different and he or she would have been the winner. See McQuagge v. Conrad, 65 So.2d 851 (Fla. 1953); Anderson v. Canvassing and Election Board of Gadsden County, 399 So.2d 1021 (Fla. 1st DCA 1981); Napp v. Dieffenderfer, 364 So.2d 534 (Fla. 3d DCA 1978); Brake v. Gissendanner, 206 So.2d 10 (Fla. 3d DCA 1968). It is not enough to show a reasonable possibility that election results could have been altered by *927 the irregularities; a reasonable probability that the results would have been changed must be shown. Nelson v. Robinson, 301 So.2d 508 (Fla. 2d DCA 1974), cert. denied 303 So.2d 21 (Fla. 1974). The Florida Supreme Court noted recently that the statutory election contest has been interpreted to permit examination only of the balloting and counting process and that no authority has been found to extend the contest to areas outside the balloting process. McPherson v. Flynn, 397 So.2d 665, 668 (Fla. 1981). In the instant case it is clear that, even if true, the alleged irregularities did not constitute abnormalities in the actual balloting and counting process.
Regarding the alleged violations of Chapter 104 of the election code and Chapter 106, campaign financing, the respective statutory provisions expressly provide for civil and criminal penalties for such violations. Section 104.051, provides that an official who neglects to perform his duties under the election code is guilty of a first degree misdemeanor, and an official who performs his duties under the election code fraudulently or corruptly is guilty of a third degree felony. Section 104.36 provides that any person who solicits votes within 100 yards of a polling place on election day is guilty of a first degree misdemeanor. Section 106.265 provides for civil penalties, to be imposed by the Florida Elections Commission, for violations of Chapter 106, including Section 106.144. To summarize, while sanctions exist for the type of irregularities alleged in the amended complaint, those sanctions are not designed to be imposed by way of a civil cause of action by an unsuccessful candidate. The remedy available to an unsuccessful candidate is limited to challenging the balloting and counting process in the statutory election contest. Since appellant did not allege irregularities in the actual balloting and counting process, his complaint under Section 102.168 was correctly dismissed for failure to state a cause of action.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.