SMITH, Judge.
Howard Johnson Company, Inc. (Howard Johnson) appeals a final judgment entered after a bench trial, awarding Fair $50,-000.00 in his action for damages arising out of the theft of his pickup truck and enclosed trailer, which contained his customized race car, tools and spare parts, from the Howard Johnson’s parking lot. We affirm the trial court’s conclusion that the motel clerk’s negligent misrepresentation regarding security in the parking lot was the proximate cause of Fair’s loss, and write only to address Howard Johnson’s contention that section 509.111(2), Florida Statutes (1985),[1] limited its liability for the loss of Fair’s property to $500.00.
At common law, the innkeeper was practically an insurer of property brought *724 by a guest to his inn. 40 Am.Jur.2d, Hotels, Motels and Restaurants, § 127 (1968). Thus, it is generally held that statutes, such as section 509.111, defining the limits of an innkeeper’s liability for loss of or injury to his guest’s property, should be strictly construed. Annot., Statutory Limitations Upon Innkeeper’s Liability As Applicable Where Guest’s Property Is Lost or Damaged Through Innkeeper’s Negligence, 37 A.L.R.3d 1276 (1971). In Cole v. Carmell, 112 So.2d 278 (Fla. 3d DCA 1959), the court had occasion to construe a predecessor to the present section 509.111, which included trailer courts within its parameters, and to decide whether the statute applied to the theft of a house trailer from a trailer park. The trial court refused to instruct the jury to the effect that damages, if found, should be limited to $100.00 (now $500.00) pursuant to section 509.111(2). The appellate court affirmed, stating:
[W]e feel the intent of the statute was to limit the liability of hotels, etc., for goods deposited for safekeeping when their value could not be ascertained without some disclosure from the tenant, [citation omitted] If such disclosures were not required, the hotel, motel, boarding house, apartment, etc., managements would have no way to ascertain the value of goods deposited with them that were subsequently lost or stolen. (Emphasis added).
Conversely, we do not feel the legislature intended to limit the liability of a trailer court operator for his negligent act in releasing to another control over a trailer located on the premises, the value of which is self-evident_ In such circumstances the trailer court operator would have no control over the interior of a trailer, such as would the manager of a hotel, motel, or boarding house over the interior of their lodging facilities. The facts presented we conclude rendered inapplicable the limited liability provisions of the statute.
We think the trial judge in this case, following the same reasoning as the court in Cole, was eminently correct when he refused to limit the judgment in this case to $500.00, reasoning:
That section 509.111(2), Florida Statutes (1985), only applies to property belonging to a guest of a motel, if said property is either specifically listed in said statute, or if said property is of a nature and type that can be carried into the guest’s room, or on the guest’s person, or is normally stored in the normal secure facilities of the motel, such as the lobby. The term “other property” in said statute does not contemplate automobiles or trailers.
See also, Plant v. Howard Johnson’s Motel Lodge, 500 N.E.2d 1271 (Ind.App. 3d Dist.1986); and Vilella v. Sabine, Inc., 652 P.2d 759 (Okla.1982).
AFFIRMED.
NIMMONS and ALLEN, JJ., concur.

. Section 509.111(2) provides:
(1) The operator of a public lodging establishment is under no obligation to accept for safekeeping any moneys, securities, jewelry, or precious stones of any kind belonging to any guest, and, if such are accepted for safekeeping, he shall not be liable for the loss thereof unless such loss was the proximate result of fault or negligence of the operator. However, the liability of the operator shall be limited to $1,000 for such loss, if the public lodging establishment gave a receipt for the property (stating the value) on a form which stated, in type large enough to be clearly noticeable, that the public lodging establishment was not liable for any loss exceeding $1,000 and was only liable for that amount if the loss *724 was the proximate result of fault or negligence of the operator.
(2) The operator of a public lodging establishment shall not be liable or responsible to any guest for the loss of wearing apparel, goods, or other property, except as provided in subsection (1), unless such loss occurred as the proximate result of fault or negligence of such operator, and, in case of fault or negligence, he shall not be liable for a greater sum than $500, unless the guest, prior to the loss or damage, files with the operator an inventory of his effects and the value thereof and the operator is given the opportunity to inspect such effects and check them against such inventory. The operator of a public lodging establishment shall not be liable or responsible to any guest for the loss of effects listed in such inventory in a total amount exceeding $1,000.