607 So.2d 508 (1992)
BROWARD COUNTY CANVASSING BOARD, Appellant,
v.
Alfred S. HOGAN, Appellee.
No. 92-0034.
District Court of Appeal of Florida, Fourth District.
November 12, 1992.
*509 John J. Copelan, Jr., County Atty., and Robert E. Hone, Asst. County Atty., Fort Lauderdale, for appellant.
Steven D. Rowe, Fort Lauderdale, for appellee.
PER CURIAM.
This is a timely appeal of the trial court's final order directing appellant, Broward County Canvassing Board, to conduct a manual recount of the results of the March 12, 1991 election for City Commission of Oakland Park. We reverse and remand.
On March 12, 1991, appellee, Alfred S. Hogan lost an election for a council seat on the City Council of Oakland Park in Broward County, Florida. In the election, Douglas P. Johnson was the winning candidate. A total of 2,609 votes were cast, which included fifty-eight overvotes and forty-two undervotes. On first count, the election resulted in appellee receiving 1,016 votes and his opponent, Johnson, receiving 1,019 votes.
On the same evening as the original computer count, a computer recount was obtained, in which appellee received 1,014 votes and his opponent, Johnson, received 1,019 votes. The total votes cast remained 2,609; however, two votes previously cast in favor of appellee in one precinct were this time classified as overvotes thereby causing appellee to lose by five votes. The result of the recount was certified by the appellant, Broward County Canvassing Board.
The following day, appellee requested a hearing to contest the results and requested a manual recount of the election results. The request for a hearing was granted. The minutes of the hearing reveal that appellee stated that he wanted a recount because of the closeness of the election and the differences between the two machine counts. Appellant explained that voter errors in the piercing of computer ballot cards created loose or hanging paper chads which, although present on the first count, subsequently fall away on a recount, thereby causing the difference in count. Such voter errors, the board explained, are caused by hesitant piercing, no piercing, or intentional or unintentional multiple piercing of computer ballot cards, creating what are referred to as overvotes and undervotes. The board thereupon denied appellee's request for a recount.
Appellee timely filed this action in the circuit court pursuant to section 102.168, Florida Statutes (1991). Although there was no evidence adduced that the machines were malfunctioning, improperly used, or improperly calibrated, nor any evidence adduced that there was fraud or impropriety in the manner in which the election was held, nonetheless, the trial court reversed the denial of appellee's request for a manual recount and ordered one to be held. This appeal followed.
Any candidate has the right to protest the returns of an election related to their candidacy as being erroneous by filing a protest with the appropriate canvassing board. § 102.166(1), Fla. Stat. (1991). In addition, a candidate whose name appears on the ballot may file a written request for a manual recount with the county canvassing board. § 102.166(4)(a), Fla. Stat. (1991). The request must state the reason for the request. The canvassing board may, but is not obligated to, grant the request. § 102.166(4)(c), Fla. Stat. (1991). In addition, the candidate may also challenge a certification of the results of an election by filing a complaint in circuit court. § 102.168, Fla. Stat. (1991).
*510 A companion to the contest statute is section 102.1682, which enumerates the remedies available for the successful challenger under section 102.168. In relevant part, section 102.1682, Florida Statutes (1991), states:
102.1682 Judgment of ouster; revocation of commission; judgment setting aside referendum. 
(1) If the contestant is found to be entitled to the office, if on the findings a judgment to that effect is entered, and if the adverse party has been commissioned or has entered upon the duties thereof or is holding the office, then a judgment of ouster shall be entered against such party.
The final piece to the remedial scheme of chapter 102 is section 102.169, Florida Statutes (1991). This section merely states that nothing in the chapter limits or abrogates any remedy existing under quo warranto.
Although section 102.168 grants the right of contest, it does not change the discretionary aspect of the review procedures outlined in section 102.166. The statute clearly leaves the decision whether or not to hold a manual recount of the votes as a matter to be decided within the discretion of the canvassing board. Furthermore, there is nothing in the pleadings or in the testimony adduced here which would overcome the requirement that appellee demonstrate more than a mere possibility that the outcome of the election would have been affected. See Smith v. Tynes, 412 So.2d 925 (Fla. 1st DCA 1982).
It is understandable that an individual losing an electoral race by three votes and then by five votes upon recount would look upon the results with some consternation. The order for a manual recount mollified the disgruntled candidate. These, however, are not the controlling factors in the statutory scheme.
The trial court's order cites only to the testimony by an employee of the Office of the Broward County Supervisor of Elections, who stated that individuals from the Supervisor of Elections office were available to conduct a manual recount and that such recount could be completed within only several hours. The time and cost involved in a manual recount is immaterial to this case. The statutes clearly leave the decision to conduct a manual recount within the discretion of the board. The board's decision in this case was to defer to the count of the tabulation equipment following proper calibration and testing. It was within its power to do so, on this record; and mandamus was improper in this situation.
All that should have been considered by the lower court was whether appellant failed to perform some mandatory statutory act or whether there were any electoral improprieties which had, not possibly might have, an influence on the ultimate choice of the voters. Appellant acted within its discretion in this case; and the trial court erred in reversing the initial denial of the manual recount request made by appellee.
GLICKSTEIN, C.J., DELL, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.