STATE, *ex rel.* FRANK G. CLARK, v. WARD C. KLINGENSMITH

163 So. 704.
Opinion Filed October 26, 1935.

A case of original jurisdiction—quo warranto.

*Russell Snow,* for Relator.

*Crofton & Wilson* and *Waller & Pepper,* for Respondent.

PER CURIAM.—This is an original information in quo warranto brought by Clark to test the right of Klingensmith to hold the office of County Commissioner of Brevard County pursuant to the returns and declaration of result made in favor of Klingensmith at the 1934 General Election. This case is here in relator's name under Section 5447 C. G. L., 3582 R. G. S., the Attorney General having refused to bring the action in his official capacity.

Relator in his pleading challenges 22 ballots which he divides into four groups . The first group consists of eight absentee ballots which are alleged to have been improperly counted against relator. The second group consists of four ballots cast by persons alleged not to have been, at the time of the balloting, residents of Brevard County and therefore disentitled to vote. The third group, consisting of seven ballots, is challenged on the ground that the voters casting same voted in an election district wherein they were not legally resident. The fourth group comprehends three ballots alleged to have been lawfully cast for relator, but not counted.

Clark was the nominee of the Republican Party and Klingensmith was the Democratic nominee. According to the official returns and canvass of results by the County

Canvassing Board, the Democratic candidate received 1209 votes (9 absentee ballots included) and the Republican candidate received 1204 votes (2 absentee votes included). So on the face of the results, as canvassed, Klingensmith, the Democrat, was elected by a plurality of five votes over relator, Clark, the Republican.

Section 5447 C. G. L., *supra,* provides that in cases where a private relator shall institute quo warranto proceedings upon refusal of the Attorney General to do so, "No person shall be adjudged entitled to hold an office except upon full proof of *his* (that is, relator's) title to the office." In other words, relator must recover in such cases as those last mentioned, upon the strength of his own showing, not upon the weakness of that of his adversary.

A proceeding under Section 5447 C. G. L., *supra,* is in effect nothing more than a statutory election contest in the form of a quo warranto proceeding wherein the relator is the real claimant and the respondent, as putative holder of the official title to the office in controversy, is defendant. It is therefore incumbent upon the claimant in such a proceeding to set out in his own pleading with sufficient certainty, such facts as will *prima facie* demonstrate to the Court that the candidate who was declared elected, and who received the certificate of election from the proper authorities, should be ousted in favor of claimant, because of a clear legal right to the office shown to exist in such claimant but wrongfully denied to him through the issuance of a certificate of election or official commission to his adversary. 20 Corpus Juris 277, and authorities cited.

Illegal votes do not invalidate legal votes when the number of the former is ascertained. State, *ex rel.* McClenny, v. Comm'rs of Baker County, 22 Fla. 29. Nor is the rejection of votes from legal voters, not brought about by fraud,

and not of such magnitude as to demonstrate that a free expression of the popular will has been suppressed, sufficient to avoid an election, at least unless it be shown that the votes rejected would have changed the result. Pickett v. Russell, 42 Fla. 116, 28 Sou. Rep. 764.

In a statutory quo warranto proceeding under Section 5447 C. G. L., *supra,* where the relator has knowledge or reliable information as to illegal or erroneous voting, as to counts and returns of ballots cast in an election, which, *if duly alleged,* would be sufficient to constitute a ground for declaring the relator elected and for adjusting ouster against the respondent in relator's favor, a recount by mandamus proceedings is not a prerequisite to the maintenance of the proceeding in quo warranto, the statutory proceeding in quo warranto being analogous in purpose to the ordinary statutory election contest. See: Farmer v. Carson, 110 Fla. 245, 148 Sou. Rep. 557. But the information in quo warranto must tender a justiciable controversy on its face, and the burden is on the relator not only to demonstrate by his allegations and proof that respondent was not elected, but that relator himself was the candidate lawfully chosen by the voters for the office in dispute.

The information filed in this case is *prima facie* sufficient to require an answer or reply, therefore the action to quash same is overruled on the authority of Farmer v. Carson, *supra.* The motions to strike portions of said information are severally denied for the reason that the matters sought to be stricken are inseparable parts of the general issue tendered in the formation as a whole, and are therefore not wholly immaterial or irrelevant.

It is ordered that respondent do have twenty days within which to file answer or return to the information and that

relator have ten days thereafter to join issue on, or to reply or demur thereto, as he may be advised.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.