MATHEWS, Justice.
This is an appeal from a final decree in an election contest.
D. G. McQuagge had been the Tax Assessor of Bay County, Florida, for approximately 20 years and was the Democratic nominee for an additional term as a result of the Primary in May, 1952. D. G. Mc-Quagge died on November 1, 1952, which was after the ballots had been printed for the General Election to be held on November 4, 1952. The name of D. G. Mc-Quagge was the only name on the ballot for the office, but there were spaces for write-in candidates. As a result of the said election, Gerald Conrad received 3,130 write-in votes, H. S. McQuagge received 2,824 write-in votes and D. G. McQuagge, deceased, was reported to have received 1,268 votes. There were other write-in names receiving votes. It appears from the record that considering the minor names receiving write-in votes there were 8,309 votes reported to the Canvassing Board and it is alleged that there were approximately 14,000 votes cast in the election.
D. G. McQuagge was a very influential citizen of Bay County, Florida, and his name was a “by-word” in the county. His death was widely publicized over the radio, telephone and by newspapers and general discussion throughout the country. It is natural to assume that all of the voters of the county had knowledge of the death of D. G. McQuagge. It is natural that those who voted for D. G. McQuagge by reason of the fact that his name was printed on the ballot as the Democratic nominee did not know the legal effect of voting for him. H. S. McQuagge was the son of D. G. McQuagge.
The bill to contest the election was apparently based upon the theory that the ap-pellee, Gerald Conrad, did not receive the highest number of “legal votes” cast, and this fact would be demonstrated by counting the votes cast for D. G. McQuagge. If the votes cast for D. G. McQuagge were “legal votes,” then it was contemplated that a recount would show that Gerald Conrad did not receive the highest number of the “legal votes” cast. ■
The prayer of the petition was for a recount and ■ that after such re-count and tabulation, “if it should appear that the deceased, D. G. McQuagge, received the highest number of votes, the Court determine whether or not the candidate receiving the number of ‘lawful write-in votes’ was elected to the office of Tax Assessor.”
In the bill the plaintiff, appellant here, alleged that he believed that he received the highest number of “lawful write-in votes” cast in the General Election and, therefore, was entitled to .the office. He does not define what he means by “lawful write-in votes.” The appellant further alleged that if D. G. McQuagge received the highest number of votes, it did not follow that the candidate receiving the second highest number of votes was duly elected Tax Assessor.
The primary question to be determined here is whether or not the votes cast for D. G. McQuagge were “legal votes” and if they were not “legal votes,” what effect, if any, should they have upon the outcome of the election?
*853 As heretofore pointed out, it is assumed that every elector in Bay County knew of the death of D. G. McQuagge. Knowledge of the voters is material and “when votes are cást for a person known by the voters to be deceased, [such votes] they shall be treated as void and thrown away and are not to be counted in determining the result of the election as regards •other candidates.” (Emphasis supplied.) See the annotation and authorities cited in 133 A.L.R. pages 329, 330, 331, 333, 339, 340 et seq.
It is not shown by the pleadings or the evidence that' the opening of the ballot boxes would have shown anything more than the number of votes cast for Mc-Quagge, deceased. These ballots were illegal, were null and void and could have had no effect on the result of the election.
Except for the illegal baliots cast for Mc-Quagge, deceased, it is not shown from the pleadings or the evidence that a re-count of the ballots would have resulted in any change in the result of the legal ballots cast for H. S. McQuagge and Gerald Conrad.
There is no reason to require a re-count unless there is a positive and clear assertion, allegation or claim that such recount will change the result of the election. State ex rel. Whitley v. Rinehart, 140 Fla. 645, 192 So. 819; State ex rel. Pooser v. Webster, 126 Fla. 49, 170 So. 736; State ex rel. Clark v. Klingensmith, 121 Fla. 297, 163 So. 704.
In the final decree the Court said:
“ * * * the Court having sustained the objection to the introduction in evidence of said ballot boxes on the ground that insufficient proof had been adduced by the plaintiff to show that a recount of the ballots cast at the election in question would change the results thereof, * * * it is therefore,
“Ordered, adjudged and decreed, that the bill of complaint filed in the above entitled cause be, and the same is hereby dismissed.”
Affirmed.
. ROBERTS,..C, J., ,and TERRELL and SEBRING, JJ., concur. .