PER CURIAM.
The petitioner has filed a motion for an emergency hearing without notice and for entry of an emergency injunction. For reasons to follow and pursuant to Florida Appellate Rule 4.5(g), we have considered this case on the merits as a full appeal.
The petitioner, Clark Merrill, defendant below, was a qualified candidate for the Florida House of Representatives in District 115, in the Democratic primary election held on September 10, 1974. He received 7,948 votes in the election.
His opponent, James F. Eckhart, also a qualified candidate in the same race, who *29 appeared through counsel and argued in opposition to the petitioner’s contentions, received the highest number of votes, 10,-510.
Originally, a third candidate, Mrs. Clara Oesterle, qualified as a candidate for the District 115 race, but she withdrew to run for a seat on the Dade County Commission.
However, by mistake on certain voting machines in the district, the name of Clara Oesterle also appeared on the ballot, and she received 3,805 votes in the election.
Under the provisions of Fla.Stat. § 99.-012, F.S.A., it is evident that Mrs. Oes-terle was not a qualified candidate for the 115th District Legislative race, since her name appeared on the same ballot as a duly qualified candidate for another office, to-wit: the county commission.
There is no dispute also that Mrs. Oes-terle withdrew from the campaign in the legislative district in accordance with Fla. Stat. § 101.253, F.S.A. The statute provides that a candidate’s name shall be removed from the ballot when he or she notifies the board of county commissioners in writing, and under oath, at least 30 days before the election, that he or she will not accept the office for which he or she qualified.
Following the election, the plaintiff in this case filed a complaint for a declaratory decree and injunctive relief in Circuit Court, stating that it is assigned the statutory duty to certify the election results to the Secretary of State’s office, and since the petitioner, Merrill, and Eckhart were disputing the validity of the votes cast for Mrs. Oesterle, it was in doubt as to its legal rights and obligations.
The Circuit Court, after ordering the plaintiff to determine the exact number of votes received by Mrs. Oesterle, entered the order now appealed. The court found that Eckhart and Merrill were the only two candidates in the District 115 race, that Eck-hart received the majority of votes cast, and that Eckhart therefore was the winner.
It is obvious that the court’s ruling necessarily threw out Mrs. Oesterle’s votes, treating her vote as null and void. Had the court included her vote, Eckhart would not have received a majority of 50% of the vote, plus one, enabling him to avoid a run-off election.
Merrill petitions to this court, contending that the court’s order effectively disenfranchised those who voted for Mrs. Oesterle and deprived him of the right to face Eck-hart in a run-off scheduled for October 1, 1974.
In our view, the circuit court incorrectly excluded Mrs. Oesterle’s vote, and another election between Merrill and Eckhart is mandated.
It is urged in opposition to the petitioner’s contentions that an election should not be set aside by the courts simply because some official has not complied with the law governing elections. Carn v. Moore, 1917, 74 Fla. 77, 76 So. 337. Where the voter has done all that is necessary to honestly and intelligently cast his vote, unless fraud, corruption or coercion has been exercised, an election should be upheld. Ibid.
We agree with these principles of law. However, we do not perceive that the relief sought in this case constitutes the abrogation or setting aside of the September 10 election in District 115. To the contrary, the precise question presented is whether or not all votes cast in the election must be counted in order to correctly ascertain if a run-off election on October 1 is required.
The holding of the Florida Supreme Court in McQuagge v. Conrad, Fla. 1953, 65 So.2d 851, also has been cited as authority for discarding Mrs. Oesterle’s vote in this case.
In that case, D. G. McQuagge, the longtime tax assessor of Bay County, died *30 shortly before the election. His name was the only name on the ballot, but there was space for write-in candidates. McQuagge came in third in the election behind two write-in candidates.
The Supreme Court held his vote to be a nullity because McQuagge’s name was a “by-word” in the county, his death was widely publicized, and the court assumed all the voters of the county knew of the death.
The decision in McQuagge is in line with the so-called “English rule” pertaining to votes cast for a deceased, disqualified or ineligible candidate. See Tellez v. Superior Court In and For County of Pima, 104 Ariz. 169, 450 P.2d 106 (1969); State ex rel. Jackson v. County Court of McDowell Co., 152 W.Va. 795, 166 S.E.2d 554 (1969); Annot., 133 A.L.R. 319; 26 Am.Jur.2d Elections § 294. The English rule is the minority rule.
The majority rule, the “American rule”, treats the knowledge of the voters in casting their ballots for a deceased or disqualified as immaterial. In determining the results of an election as regards the other candidates who are qualified, the American rule does not treat the votes received by a deceased or disqualified candidate as void or thrown away, but as counted, even if the voters knew of the death or disqualification.
The minority rule has been criticized because it requires the court to examine the knowledge of the voters of a candidate’s death or disqualification, which from a practical standpoint may be very difficult. And, by throwing out certain votes, the English rule creates certain perils that either an incompetent or undeserving candidate may be elected.
We think there is some merit to this criticism. Nevertheless, even if we were to adopt the minority view, we do not think that there is a sufficient indication that the voters in this case knew Mrs. Oes-terle was either disqualified or ineligible to be elected to the 115th District seat.
At this point, it should be apparent that the recent election in Dade County produced an abundance of candidates. It is possible that the most informed voters experienced some difficulty learning of the names of all candidates, the exact race in which they were involved, and the issues in each campaign. Indeed, we take note that even the Dade County election officials experienced some problems in this regard. The ballot is vital to our democratic process and the voters rely on the correctness of the names of the candidates listed thereon.
We think that after a due consideration of the size of Dade County and the problems of disseminating information to the voters during the course of a campaign, it cannot adequately be shown that those who voted for Mrs. Oesterle knew she was disqualified, but went ahead and cast their vote for her anyway merely as a negative expression. See, State ex rel. Wolff v. Geurkind, 111 Mont. 417, 109 P.2d 1094, 133 A.L.R. 304 (1941).
Therefore, for the reasons stated and upon the authorities cited and discussed, the order appealed is reversed, and the plaintiff, the Dade County Canvassing Board, is directed to include the names of Clark Merrill and James F. Eckhart as run-off candidates on the October 1 ballot. Due to the unusual circumstances of this case, there will be no rehearing granted.
It is so ordered.