LEHAN, Judge.
This appeal is from the trial court’s order dismissing with prejudice appellants’ complaint for the issuance of a writ of quo warranto to challenge the right of appel-lee, John R. Espey, to hold office on the Pinellas County School Board. There is no issue at this stage concerning the merits of the suit. The issues which we consider are whether it was proper for the suit to be brought (1) by the appellants individually and (2) in the name of the Attorney General and prosecuted by private parties through counsel on behalf of the Attorney General. We affirm in part and, notwithstanding the well-presented argument on behalf of ap-pellee, reverse in part.
As to (1), we affirm the dismissal of the amended complaint as brought by the individual appellants. Even if, as those appellants argue, the Attorney General refused to bring the suit, those appellants are not entitled to bring the suit unless they claim entitlement to the office. § 80.01, Fla.Stat. (1985); State ex rel. Clark v. Klingensmith, 121 Fla. 297, 163 So. 704 (1935). See Ervin & Rhodes, “Quo Warranto in Florida,” 4 U.Fla.L.Rev. 559, 567-68 (1957). They concede that they have not claimed entitlement to the office.
*1279 As to (2), we reverse the dismissal of the amended complaint as brought by the Attorney General. It is alleged, through a copy of a letter from the Attorney General attached to the amended complaint, that the suit was authorized by the Attorney General “provided that the Attorney General may at all times, at any and every stage of the said proceeding, withdraw, discontinue, or dismiss the same, as he may deem fit and proper, or the Attorney General may, at his option, assume the management of said proceeding at any stage thereof.” We conclude that (a) a suit like this can be brought by the Attorney General, (b) this suit was brought by the Attorney General, and (c) the Attorney General may authorize another to prosecute the suit in the manner authorized here.
As to (a), a quo warranto proceeding by the Attorney General may be brought to challenge the right to hold public office. See State ex rel. Attorney General v. Gleason, 12 Fla. 190 (1868).
As to (b), this suit has been brought in the name of, and by, the Attorney General.
As to (c), it was stated by the Florida Supreme Court in City of South Miami v. State ex rel. Attorney General, 140 Fla. 740, 744, 192 So. 624, 626 (1939), that
It is now settled law in Florida that private individuals, with the consent of the Attorney General, can file an information in the nature of a quo warranto to test the existence of a public franchise or to challenge the exercise of a municipal franchise.
See also State ex rel. Shevin (Attorney General) v. City of Sanibel, 318 So.2d 177 (Fla. 2d DCA 1975). We find no material distinction, vis-a-vis a proper exercise of authority by the Attorney General, between the specific type of relief sought through quo warranto in City of South Miami and the relief sought here.
Nothing in State ex rel. Moodie v. Bryan, 50 Fla. 293, 39 So. 929 (1905), is to the contrary. Bryan simply reflects the proposition that the Attorney General may not delegate his responsibility for such a writ. There was no such delegation here.
Also, the Attorney General did not refuse to commence this suit and, therefore, section 80.01, Florida Statutes (1985), is not applicable. While the Attorney General did initially refuse to commence the suit, his subsequent above-referenced authorization for the suit in his name is alleged to have been given.
Finally, we find no fatal pleadings deficiency in the amended complaint being brought by “Robert A. Butterworth, Attorney General of the State of Florida,” rather than by the Attorney General in the name of the state of Florida.
Reversed and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and SCHOONOVER, J., concur.