Honorable Bob Martinez
Governor of Florida
The Capitol
Tallahassee, Florida 32301
Dear Governor Martinez:
We have the honor of responding to your request for our opinion as to the interpretation of a constitutional provision affecting your executive powers and duties. Your request was made and our opinion is provided as authorized by article IY, section 1(c) of the Florida Constitution.
Your letter requesting our opinion, omitting the formal parts, reads as follows:
“Pursuant to Article IV, Section 1(c) of the Constitution of the State of Florida, your opinion is requested as to the interpretation of my executive duties and responsibilities as chief executive under Article V, Section 11 of the Constitution of the State of Florida. This Court has previously determined that such a request is within the purview of Article IV, Section 1(c) of the Florida Constitution, by responding to a similar request. In re Advisory Opinion to the Governor, 276 So.2d 25 (Fla.1973).
“It is my constitutional duty to fill by appointment vacancies in judicial office. Section 11 of Article V of the Florida Constitution provides:
(a) The governor shall fill each vacancy on the supreme court or on a district court of appeal by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next general election occurring at least one year after the date of appointment, one of three persons nominated by the appropriate judicial nominating commission.
(b) The Governor shall fill each vacancy on a circuit court or on a county court by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election, one of not fewer than three persons nominated by the appropriate judicial nominating commission. An election shall be held to fill that judicial office for the term of the office beginning at the end of the appointed term.
(c) The nominations shall be made within thirty days from the occurrence of a vacancy unless the period is extended by the governor for a time not to exceed thirty days. The governor shall make the appointment within sixty days after the nominations have been certified to him.
(d) There shall be a separate judicial nominating commission as provided by general law for the supreme court, each district court of appeal, and each judicial circuit for all trial courts with *1207 in the circuit. Uniform rules of procedure shall be established by the judicial nominating commissions at each level of the court system. Such rules, or any part thereof, may be repealed by general law enacted by a majority vote of the membership of each house of the legislature, or by the supreme court, five justices concurring. Except for deliberations of the judicial nominating commissions, the proceedings of the commissions and their records shall be open to the public.
“The language of the provision confers upon the Governor the authority to make judicial appointments. Additionally, the language provides that the appropriate judicial nominating commission nominate not fewer than three persons for each judicial vacancy from whom the Governor shall make his appointment.
“Since I assumed the office of governor in 1987, numerous judicial vacancies have occurred, and I have performed my constitutional duty of appointment on 119 occasions. On each of these occasions, the appropriate judicial nominating commission, except the Fifteenth Judicial Nominating Commission, has provided me with the names of three persons for each judicial vacancy. On August 29, 1989, the Fifteenth Judicial Nominating Commission nominated the six same persons for each of three judicial vacancies. The Commission’s action appears to contravene the requirements of Article V, Section 11, and results in substantially diminishing my authority to make judicial appointments by reducing the number of nominees from which I may select. “I have raised my concerns with the Chairman of the Fifteenth Judicial Nominating Commission and with the Judicial Nominating Commission Procedures Committee which, in response, adopted the following motion:
Although the JNC’s are autonomous and can create their own rules, it is our interpretation that sending the six same names for each of the three positions complies with the Uniform Rules of Procedures for Circuit Judicial Nominating Commissions.
“I can find no provision in the Uniform Rules of Procedure for Circuit Court Judicial Nominating Commissions that permits judicial nominating commissions, when there are three judicial vacancies, to provide me with the names of six nominees rather than the names of nine nominees as requred by the Florida Constitution. Like the constitutional provision, the rules provide that the judicial nominating procedure begins upon the occurrence of “a vacancy,” and results in “no less than three nominees from the list of applicants who meet the requirement of the Florida Constitution and other legal requirements for the judicial office.” Section V., Uniform Rules of Procedure for Circuit Judicial Nominating Commissions. In any event, it is clearly impermissible for judicial nominating commissions to interpret the rules in a manner which conflicts with the requirements of Article V, Section 11.
“In view of the provisions of the Constitution which I have heretofore related and the refusal of the Fifteenth Circuit Judicial Nominating Commission to provide me with the names of additional nominees, I am in doubt as to whether I, as Governor, must fill the three vacancies in the fifteenth judicial circuit court from the six same names provided to me by the Fifteenth Circuit Judicial Nominating Commission and, if not, what action I must take to faithfully perform my constitutional duty to fill by appointment the vacancies in these judicial offices. I have the honor, therefore, to request your written opinion on the following questions.
(1) Is the governor required to fill vacancies in judicial office from the names of persons provided to him by the appropriate judicial nominating commission, if the judicial nominating commission provides him with the six same names for three judicial vacancies rather than not fewer than three persons for each judicial vacancy?
(2) If the answer to questions (1) is in the negative, must the governor reject the entire six names provided to him *1208 by the appropriate judicial nominating commission, make only two appointments and request that three additional names be provided for the third vacancy, or take other appropriate action as directed by this Court?”
We now proceed to address your questions.
As is required by Florida Rule of Appellate Procedure 9.500(b), we determined that your request was within the purview of article IV, section 1(c). On October 26, 1989, the Chief Justice sent you a preliminary response to your request, advising you of the opinion of the Justices on your questions and advising you that a formal written opinion would follow. The Chief Justice’s letter to you, omitting the formal parts, reads as follows:
“This is in response to your letter received this date requesting an advisory opinion from the Supreme Court pursuant to Article IV, Section 1(c) of the Florida Constitution.
“Based on the need to resolve your questions expeditiously, the court has decided, as authorized by Article IV, Section 1(c), to dispense with hearing from interested persons and to provide our answers without delay.
“The questions upon which you have requested our opinion are as follows:
(1) Is the governor required to fill vacancies in judicial office from the names of persons provided to him by the appropriate judicial nominating commission, if the judicial nominating commission provides him with the six same names for three judicial vacancies rather than not fewer than three persons for each judicial vacancy?
(2) If the answer to question (1) is in the negative, must the governor reject the entire six names provided to him by the appropriate judicial nominating commission, make only two appointments and request that three additional names be provided for the third vacancy, or take other appropriate action as directed by this Court?
“With regard to question (1), the Court answers in the negative and advises you that, in the case of three vacancies, the constitution and applicable statutes and rules contemplate that there will be nine nominees submitted, three for each vacancy.
“With regard to question (2), the Court advises you that, in the event of three vacancies to be filled from the nominations of a single nominating commission, the Governor need not make any appointments until the commission has submitted nine names, three nominees for each vacancy.
“The Court will issue a formal advisory opinion on your questions within the next week or so. But the Court has authorized me to advise you of our opinion on your questions in the foregoing fashion due to the extreme time constraints under which we are operating.”
On October 25, 1989, the Judicial Nominating Commission for the Fifteenth Judicial Circuit filed with us a petition for a writ of mandamus, seeking to have us require that you make appointments for three circuit court vacancies from among six nominees submitted to you.
In its-petition, the nominating commission pointed out that the Uniform Rules of Procedure for Judicial Nominating Commissions requires nominating commissions to select nominees by majority vote. In this case, the commission said, only six nominees had received majority approval for their nominations. The commission also argued that by nominating six persons, the commission had complied with the language of article V, section 11 and of the uniform rules, mandating the nomination of at least three persons. The fact that there were three vacancies made no difference, the commission argued, because “[a]fter filling the first vacancy, the Governor will have five nominees from which to fill the second vacancy, and then four nominees from which to fill the third vacancy.” The commission argued that, based on the foregoing facts, it was your duty to make the appointments from among the six nominees. We denied the petition, thus implicitly rejecting the commission’s view. Judicial Nominating Commission for the Fif *1209 teenth Judicial Circuit v. Martinez, No. 74,905 (Fla. Oct. 26, 1989).
Having considered the commission’s mandamus petition, we were familiar with the commission’s position and the arguments in support of it when your request for an advisory opinion arrived on October 26. We were also aware of the public need to fill the judicial vacancies in a timely fashion. With the benefit of the legal arguments presented in the petition for mandamus and the suggested position advanced in your letter, we felt we were fully advised in the premises of this issue. We accordingly concluded, in view of the time constraints, that it would be appropriate for us to respond to your request without delay and without further briefing by interested persons. This expedited procedure is authorized by article IV, section 1(c), if, in the Court’s judgment, “the delay would cause public injury.”
As is pointed out in your request, article V, section 11(b) provides, with respect to “each vacancy,” that the Governor is to appoint “one of not fewer than three persons nominated by the appropriate judicial nominating commission.” The constitutional language thus clearly requires that the nominating commission submit three nominees for each vacancy. There is no need to determine whether the rules of the nominating commission, properly interpreted, authorize a different procedure because it is beyond question that no such rule can prevail over the clear, unambiguous language of the constitution.
We therefore confirm and ratify the informally provided answers previously given to you in the Chief Justice’s letter of October 26, 1989, and advise you as follows: With regard to question (1), it is our opinion that the constitution requires the nominating commission to submit three names for each vacancy. With regard to question (2), without venturing to advise you as to your course of action, the Court advises you that, in the case of three vacancies to be filled from the nominations of a single nominating commission, you need not make any appointments until the commission has submitted nine names, three for each vacancy, and that the sixty-day time limitation for making the appointments does not begin to run until the commission has submitted nine names.
Very respectfully,
Raymond Ehrlich
Chief Justice
Ben F. Overton
Parker Lee McDonald
Leander J. Shaw
Stephen H. Grimes
Justices
ROSEMARY BARKETT and GERALD KOGAN, JJ., did not participate in this decision.