Mr. William C. Clark Chairman, Supreme Court Judicial Nominating Commission Post Office Box 6278 West Palm Beach, Florida 33405
Dear Mr. Clark:
As Chairman of the Judicial Nominating Commission for the Florida Supreme Court and on behalf of the commission, you ask substantially the following question:
Must the Judicial Nominating Commission for the Supreme Court submit at least three names to the Attorney General for the position of Statewide Prosecutor and if so, are there any restrictions on whom the commission may nominate.
In sum, I am of the opinion:
The Judicial Nominating Commission for the Supreme Court must submit at least three names to the Attorney General for the position of Statewide Prosecutor. The commission may nominate any individual who is qualified for the position and is willing to serve.
Section 4(c), Art. IV, State Const., provides in part:
There is created in the office of the attorney general the position of statewide prosecutor. . . . The statewide prosecutor shall be appointed by the attorney general from not less than three persons nominated by the judicial nominating commission for the supreme court, or as otherwise provided by general law. (e.s.)
Section 16.56, F.S., provides for the creation of the Office of Statewide Prosecution in the Department of Legal Affairs.[1]
Pursuant to subsection (2) of that statute:
The Attorney General shall appoint a statewide prosecutor from not less than three persons nominated by the judicial nominating commission for the Supreme Court. The statewide prosecutor shall be in charge of the Office of Statewide Prosecution for a term of 4 years to run concurrently with the term of the appointing official. The statewide prosecutor shall be an elector of the state, shall have been a member of The Florida Bar for the preceding 5 years, and shall devote full time to his duties and not engage in the private practice of law. . . . (e.s.)
The term of office of the present Statewide Prosecutor ends in January 1991. The commission has advertised the vacancy on two separate occasions; however, only one individual, the present statewide prosecutor, has applied for the position. You, therefore, ask whether the commission must submit three names to the Attorney General for his consideration in light of the fact that only one individual has applied for the position.
Where the language of a statute or constitutional provision is plain and unambiguous, such language must be given effect according to the plain meaning of the words used.[2] The Constitution and the statutes require the Attorney General to appoint a Statewide Prosecutor from not less than three persons nominated by the Judicial Nominating Commission for the Supreme Court. Thus, the Constitution and statutes appear to mandate that the judicial nominating commission submit at least three names for the position of Statewide Prosecutor to the Attorney General.[3]
In light of this requirement, you inquire as to what, if any, restrictions exist regarding the commission's authority to nominate an individual for the position of Statewide Prosecutor.
The Constitution and statutes do not specify the procedures to be utilized in nominating three persons for the position of Statewide Prosecutor.[4] In a somewhat analogous situation, however, this office in AGO 75-245 considered the duty of a judicial nominating commission to submit to the Governor the names of nominees to fill a judicial vacancy.
Pursuant to s. 11(b), Art. V, State Const., the Governor must appoint "one of not fewer than three persons nominated by the appropriate judicial nominating commission." This office concluded that while the Constitution did not expressly so provide, it seems clear that no person should be nominated by the commission unless he or she has, at least, consented to becoming a candidate for appointment to that office. Thus, this office concluded that the commission should not submit the names of nominees without first making sure that such persons are not only qualified to perform the duties of the office but are also willing to accept the commission if appointed. By so doing, the appointing official is assured of having a choice of at least three persons who are qualified and willing to accept the office as contemplated by the Constitution.
Such a conclusion would appear to be equally applicable to the instant inquiry. Section 4(c), Art. IV, State Const., requires that the Attorney General appoint a Statewide Prosecutor from at least three nominees of the commission. In order to effectuate the purpose and intent of this constitutional provision, i.e., to afford the Attorney General a choice, it appears clear that the individuals so nominated must not only be qualified but must be willing to serve in the position if appointed.
Accordingly, I am of the opinion that the Judicial Nominating Commission for the Supreme Court must submit at least three names to the Attorney General for the position of Statewide Prosecutor. The commission may nominate any individual who is qualified for the position provided the individual is willing to serve if appointed.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 16.56(1), F.S., as amended by s. 1, Ch. 90-12, Laws of Florida.
[2] See, Thayer v. State, 335 So.2d 815 (Fla. 1976); Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958) (the Legislature is conclusively presumed to have a working knowledge of the English language and when a statute has been drafted in such manner as to clearly convey a specific meaning the only proper function of the court is to effectuate this legislative intent). See also, State ex rel. McKay v. Keller, 191 So. 542
(Fla. 1939) (principles of construction applicable to statutes are also applicable to Constitution).
[3] Cf., In re Advisory Opinion to the Governor, 551 So.2d 1205
(Fla. 1989), in which the Court, in considering a judicial nominating commission's responsibility to nominate individuals for judicial vacancies pursuant to s. 11, Art. V, State Const., stated that the commission is required to submit three names for each vacancy.
[4] Compare, Supreme Court Nominating Commission Rules of Procedure, Florida Rules of Court, setting forth the procedures for the commission when considering individuals for a vacancy on the Supreme Court.