573 So.2d 829 (1991)
Lawton CHILES, Etc., et al., Petitioners,
v.
PUBLIC SERVICE COMMISSION NOMINATING COUNCIL, Respondent.
No. 77064.
Supreme Court of Florida.
January 24, 1991.
*830 J. Hardin Peterson, Tallahassee, for Governor-Elect Lawton Chiles.
Peter M. Dunbar, Counsel, Deborah K. Kearney, Deputy Counsel and Gregory C. Smith, Asst. General Counsel, Tallahassee, for Governor Bob Martinez.
Michael Pearce Dodson, and Robert A. Butterworth, Atty. Gen. and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for respondent.
Mallory E. Horne and D. Stephen Kahn, Tallahassee, for Gwen Margolis, as President of The Florida Senate.
Thomas R. Tedcastle, Tallahassee, for T.K. Wetherell, as Speaker of The Florida House of Representatives, Tallahassee, amicus curiae on behalf of the Florida Legislature.
OVERTON, Justice.
Petitioners filed a petition for a writ of prohibition seeking to prevent the Public Service Commission Nominating Council from exercising its authority, set forth in section 350.031, Florida Statutes (1989), to appoint two public service commissioners for positions that became vacant on January 8, 1991, because of the failure of Governor Martinez to make such appointments prior to December 1, 1990. Petitioners contend that the nominating council's exercise of its statutory authority in this matter unconstitutionally limits the appointing authority of the governor.[1] We issued an order to show cause, received responses from all interested parties, and heard oral argument on January 7, 1991. For the reasons expressed, we deny the petition.
The question concerns the constitutional authority of the Public Service Commission Nominating Council to exercise its statutorily provided authority to make these appointments. Section 350.031, Florida Statutes (1989), sets out the procedure for the appointment of persons to vacant public service commissioner positions.[2] The statute *831 provides that the governor is directed to fill a vacant position by appointing one of at least three persons recommended by the Florida Public Service Commission Nominating Council. The members of this council are appointed by the president of the senate, by the speaker of the house, and by other appointed members of the nominating council. Under the statute, when a vacancy occurs due to the expiration of a term, the recommendations must be submitted to the governor by October 1, and the governor is directed to make the appointment by December 1. The statute provides that "[i]f the Governor has not made an appointment by December 1 to fill a vacancy for a term to begin the following January, then the council, by majority vote, shall appoint by December 31 one person from the names previously recommended to the Governor to fill the vacancy." § 350.031(4), Fla. Stat. (1989). On or before October 1, 1990, the Public Service Commission Nominating Council presented a list of three nominees for each of two positions to Governor Bob Martinez. Governor Martinez did not make the appointments by December 1, 1990. He, together with Governor-Elect Lawton Chiles, filed this petition on December 13, 1990, the day before the Public Service Commission Nominating Council was scheduled to meet to make the appointment of the two public service commissioners in accordance with the statute. We issued to the nominating council an order to show cause, which stayed its authority to act on December 14, 1990, and until we ruled on this matter.
The governor's office contends that the Public Service Commission Nominating Council does not have the authority to appoint public service commissioners because the constitution vests the supreme executive power of the state to appoint these state officials solely in the governor. Petitioners reason that the 1868 Constitution *832 contained a provision expressly giving the power to the governor to make all appointments to non-elected state offices (article III, section 27, Florida Constitution (1868)), and that this provision was carried forward in the 1885 Constitution. Petitioners recognize that the present Florida Constitution does not contain this provision and that the definition of what powers are within the governor's executive power is not expressly set out in our present constitution. The general provision vesting the supreme executive power in the governor is contained in article IV, section 1(a), of the Florida Constitution. Petitioners reason that, when the 1968 constitutional revision was adopted, the people of this state had long lived with the proposition that there were two methods of attaining public office, either by election or by appointment by the governor, and that the appointment power of the governor should be construed as an integral part of the supreme executive power. Petitioners contend that, since a public service commissioner is a state officer and the state constitution does not provide a method for filling a vacancy on the Public Service Commission, the general appointment power of the governor to fill vacancies controls over any general law. Petitioners also assert that the statute directly conflicts with article IV, section 1(f), of the Florida Constitution, with regard to filling vacancies for the remainder of an unexpired term. Petitioners conclude that section 350.031, Florida Statutes (1989), is unconstitutional because it directly conflicts with the governor's general and express power of appointment. Additionally, petitioners claim that, as a matter of public policy, members of the Public Service Commission should be appointed only by an elected official since they are state officers and exercise a portion of the sovereign authority of this state.
We reject these contentions because we find that the Public Service Commission is an entity of the legislative branch and, as such, the legislature has the authority to establish by law how legislative branch officials, including these Public Service Commission members, may be selected. We reject the assertion that the Public Service Commission is, in reality, an entity of the executive branch.
We realize that some of the functions given the Public Service Commission are executive in nature because it is directed to enforce laws. The commission also performs quasi-judicial functions. However, its primary function is setting rates, which is legislative in nature. The legislature, in creating the Public Service Commission, expressly stated that the Public Service Commission is part of the legislative branch. Section 350.001, Florida Statutes (1989), provides:

The Florida Public Service Commission has been and shall continue to be an arm of the legislative branch of government. It is the desire of the Legislature that the Governor participate in the appointment process of commissioners to the Public Service Commission. The Legislature accordingly delegates to the Governor a limited authority with respect to the Public Service Commission by authorizing him to participate in the selection of members only from the list provided by the Florida Public Service Commission Nominating Council in the manner prescribed by s. 350.031.
(Emphasis added.)
We previously expressed the view, which we now reaffirm, that public utility rate-making by the Public Service Commission is a legislative function. In re Advisory Opinion to the Governor, 223 So.2d 35 (Fla. 1969); Florida Motor Lines, Inc. v. Railroad Comm'rs, 100 Fla. 538, 129 So. 876 (1930). In Commission on Ethics v. Sullivan, 489 So.2d 10 (Fla. 1986), we held that the Florida Commission on Ethics is an entity of the legislative branch and, in doing so, noted that "the Public Service Commission, which sets rates and settles jurisdictional boundaries," id. at 14, is a legislative agency.
Given the express statutory finding by the legislature that the Public Service Commission is a legislative entity, together with the fact that ratemaking is, in our view, a legislative, rather than an executive or judicial, function, we must conclude that the Public Service Commission is a legislative entity. As such, the legislature may constitutionally *833 establish the appointment method for its officers set forth in section 350.031, Florida Statutes (1989). Article IV, section 1(f), of the Florida Constitution, relating to the governor's authority to make appointments for the remainder of unexpired terms, does not control in this instance.
Further, we find that public policy does not require a finding that the governor should have the sole power of appointment in this instance, particularly when (1) the governor had the first opportunity to make the appointment and (2) any person appointed by the nominating council must be confirmed by the senate.
Accordingly, we deny the petition for a writ of prohibition, and, because our order to show cause stayed the authority of the Public Service Commission Nominating Council to make the appointments beyond the thirty days designated in section 350.031(4), its time to so act is extended to February 12, 1991.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(7), Fla. Const.
[2] Section 350.031, Florida Statutes (1989), provides:

(1) There is created a Florida Public Service Commission Nominating Council consisting of nine members. At least one member of the council must be 60 years of age or older. Three members, including one member of the House of Representatives, shall be appointed by the Speaker of the House; three members, including one member of the Senate, shall be appointed by the President of the Senate; and three members shall be selected and appointed by a majority vote of the other six members of the council. All terms shall be for 4 years, except those members of the House and Senate, who shall serve 2-year terms concurrent with the 2-year elected terms of House members. Vacancies on the council shall be filled for the unexpired portion of the term in the same manner as original appointments to the council.
(2) No member or spouse shall be an agent, officer, employee or be any type of partner in any industry regulated by the commission, nor shall a member or spouse have any ownership in, including any ownership of shares in, or be in a position to substantially influence or affect, or be in a position to be substantially influenced or affected by the management or managerial policies of any industry regulated by the commission. A member of the council may be removed by the Speaker of the House of Representatives and the President of the Senate upon a finding by the Speaker and the President that the council member has violated any provision of this subsection or for other good cause.
(3) It is the responsibility of the council to recommend to the Governor not fewer than three persons for each vacancy occurring on the Public Service Commission. The council shall submit the recommendations to the Governor by October 1 of those years in which the terms are to begin the following January, or within 60 days after a vacancy occurs for any reason other than the expiration of the term.
(4) The Governor shall fill a vacancy occurring on the Public Service Commission by appointment of one of the persons recommended by the council. If the Governor has not made an appointment by December 1 to fill a vacancy for a term to begin the following January, then the council, by majority vote, shall appoint by December 31 one person from the names previously recommended to the Governor to fill the vacancy. If the Governor has not made the appointment to fill a vacancy occurring for any reason other than the expiration of the term by the 60th day following receipt of the recommendations of the council, the council by majority vote shall appoint within 30 days thereafter one person from the names previously recommended to the Governor to fill the vacancy.
(5) Each appointment to the Public Service Commission shall be subject to confirmation by the Senate.
(6) The council shall establish procedures for applications for membership on the commission. No person shall be recommended to the Governor by the council unless the council is satisfied that the person is competent and knowledgeable in one or more fields which include, but are not limited to, public affairs, law, economics, accounting, engineering, finance, natural resource conservation, energy, or another field substantially related to the duties and functions of the commission. The commission shall fairly represent the above-stated fields. Recommendations of the council shall be on a nonpartisan basis.
(7) All meetings of the council shall be open to the public and subject to the provisions of s. 286.011. A majority of the membership of the council may conduct any business before the council.
(8) Members of the council are entitled to per diem and travel expenses as provided in s. 112.061, which shall be funded by the Florida Public Service Regulatory Trust Fund.