Mr. Joseph R. North Chairperson Judicial Nominating Commission Twentieth Judicial Circuit Post Office Box 280 Fort Myers, Florida 33902-0280
Dear Mr. North:
On November 4, 1993, you asked, on behalf of the Twentieth Judicial Circuit Nominating Commission, substantially the following question:
If there are two or more circuit court vacancies within the Twentieth Judicial Circuit and the Judicial Nominating Commission is obligated to nominate not fewer than three persons for each vacancy, is the Commission required to submit to the Governor a separate list of not fewer than three nominees for each vacancy?
In sum:
Absent judicial clarification, there is no constitutional prohibition against the Judicial Nominating Commission submitting a single list for two or more circuit court vacancies provided that the number of nominees contained on the list is equal to at least three for each vacancy.
Section 11(b), Art. V, State Const., provides in pertinent part:
The governor shall fill each vacancy on a circuit court or on a county court by appointing . . . one of not fewer than three persons nominated by the appropriate judicial nominating commission.
In In Re Advisory Opinion to the Governor,[1] The Supreme Court of Florida considered the above constitutional provision and the duties of a judicial nominating commission (JNC) thereunder to nominate candidates for more than one judicial vacancy in the same judicial circuit. In that case, the JNC had submitted the same six names to the Governor for appointment to three circuit court vacancies. The Court rejected the JNC's claim that it had complied with s. 11, Art. V, State Const.,[2] and held that in the case of three vacancies, the constitution contemplates that there must be at least nine nominees, three for each vacancy. The Court concluded that the Governor was not required to make any appointments until the commission had submitted nine names.
While the Court's opinion makes it clear that nine names were required to be submitted for the three vacancies, the Court did not state that those nine names must be submitted on three separate lists. Moreover, nothing in the Uniform Rules of Procedure for Circuit Judicial Nominating Commissions mandates that the names of nominees for multiple judicial vacancies be submitted on separate lists.[3] The Uniform Rules provide that the nominees for judicial vacancies are not to be ranked or listed in such a manner as to indicate partiality or preference by the commission.[4] The submission of separate lists for multiple vacancies may be construed to violate the Uniform Rules.
Accordingly, in the absence of judicial clarification, I am of the opinion that there is no constitutional prohibition against the Judicial Nominating Commission submitting a single list for two or more circuit court vacancies provided that the list contains not fewer than three nominees for each vacancy.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] 551 So.2d 1205 (Fla. 1989).
[2] The JNC argued that six names would allow the Governor six names to choose from for the first vacancy, five for the second vacancy and four for the third vacancy. Thus, the JNC argued that it had supplied at least three names for each vacancy.
[3] See, s. V of the Uniform Rules of Procedure for Circuit Judicial Nominating Commissions (Uniform Rules).
[4] See, s. VII of the Uniform Rules prohibiting the JNC from ranking nominees or otherwise disclosing a preference, and s. VI of the Uniform Rules stating that the JNC shall make public the names of all persons recommended for gubernatorial appointment, without indicating any preference of the JNC.