632 So.2d 601 (1994)
STATE of Florida ex rel. Ronald Lee BRUCE, Petitioner,
v.
Diane K. KIESLING, Respondent.
FLORIDA PUBLIC SERVICE COMMISSION NOMINATING COUNCIL, Petitioner,
v.
Diane K. KIESLING, Respondent.
Nos. 83049, 82882.
Supreme Court of Florida.
March 3, 1994.
*602 F. Philip Bank and William D. Anderson, Blank, Rigsby & Meenan, P.A., Tallahassee, on behalf of Ronald Lee Bruce; and Michael Pearce Dodson, Tallahassee, on behalf of the Council, for petitioners.
Alan C. Sundberg, Cynthia S. Tunnicliff and Warren H. Husband, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for respondent.
J. Hardin Peterson, Gen. Counsel, Office of Governor, Tallahassee, amicus curiae, for Governor Lawton Chiles.
HARDING, Justice.
Ronald Lee Bruce and the Florida Public Service Commission Nominating Council both have petitioned this Court for writs of quo warranto to oust Diane K. Kiesling from the office of commissioner on the Florida Public Service Commission. We have jurisdiction under article V, section 3(b)(8) of the Florida Constitution. We deny both petitions.
On September 8, 1993, the Public Service Commission Nominating Council drew up a list of four nominees to fill three positions: (1) Thomas M. Beard's position for his unexpired term as commissioner; (2) Beard's position, available when his four-year term expired in January 1994 (vacancy # 1); and (3) the position available when Commissioner Luis Lauredo's four-year term expired in January 1994 (vacancy # 2). The Council put the names on a single list, not on separate lists for each available position.
The Council never submitted this list to the Governor. When the Governor heard that a single list of four nominees would be submitted, he objected to having fewer than six nominees for what amounted to, in reality, two positions on the Commission (Beard's and Lauredo's positions). (The Nominating Council and the Governor agreed that the same person would fill Beard's unexpired term and vacancy # 1.) Because of the objection, the Nominating Council again considered nominees for the vacancies and certified nominations on separate lists to the Governor on September 29, 1993:
 Unexpired Term
 Ronald Lee Bruce
 David O. Deutch
 William T. Mims
 Vacancy # 1
 Ronald Lee Bruce
 David O. Deutch
 William T. Mims
 Vacancy # 2
 Ennis L. Jacobs
 Diane Kiesling
 Luis J. Lauredo
 John R. Sheahen
After receiving these lists, the Governor reappointed Lauredo on November 23, 1993, to fill vacancy # 2 for his new term. The next day, the Governor appointed Kiesling to fill the vacancy for both Beard's unexpired term and the new term for Beard's position (vacancy # 1).
The Nominating Council then met on December 13, 1993, and determined that the Governor had no authority to appoint Kiesling because her name was not on the list for the Beard vacancies. It appointed Bruce for the unexpired term and the new term for the Beard vacancy. The Council later filed a petition for writ of quo warranto seeking the ouster of Kiesling, asserting that the Governor had "exceeded the limits of his participation in choosing legislative branch officials."
Bruce, whose name appeared on the list of nominees for vacancy # 1, also filed a petition seeking Kiesling's ouster. We have consolidated the cases for our consideration. Bruce claims that by appointing Kiesling, *603 "the Governor exceeded the limited authority he has been granted to participate in the process of the selection of legislative branch officials, thereby usurping the authority of the Nominating Council."
Because Bruce filed his petition, we do not address the standing of the Nominating Council to file its petition. The issues raised on the merits of both petitions are substantially the same, so the resolution of either case controls the other.
Turning to the merits of Bruce's petition, we note that the common law remedy of quo warranto is employed either to determine the right of an individual to hold public office or to challenge a public officer's attempt to exercise some right or privilege derived from the State. State ex rel. Merrill v. Gerow, 79 Fla. 804, 85 So. 144, 145 (1920). Bruce is challenging Kiesling's right to hold public office.
Bruce claims the Governor exceeded his authority in appointing Kiesling because her name was not on the list of nominees for that particular vacancy. We disagree because the applicable statutes do not authorize or require the Nominating Council to give the Governor separate lists for each vacancy. The Nominating Council cannot impose requirements of its own creation to limit the Governor's appointment authority. The Nominating Council had no authority under the circumstances of this case to appoint Bruce, and the Governor's appointment of Kiesling is valid.
The Public Service Commission is an entity of the legislative branch. § 350.001, Fla. Stat. (1993). The Legislature therefore has the authority to establish how Commission members will be selected. Chiles v. Public Serv. Comm'n Nominating Council, 573 So.2d 829, 832-33 (Fla. 1991). Sections 350.001 and 350.031, Florida Statutes (1993), give the Nominating Council the responsibility to nominate competent and qualified persons and the Governor the responsibility to appoint commissioners from those nominated.
The Nominating Council, which the Legislature created by section 350.031, screens the candidates and submits a list of qualified nominees to the Governor. The pertinent provisions of section 350.031 are paragraphs (4), (5), (6), and (7):
(4) A person may not be nominated to the Governor until the council has determined that the person is competent and knowledgeable in one or more fields, which shall include, but not be limited to: public affairs, law, economics, accounting, engineering, finance, natural resource conservation, energy, or another field substantially related to the duties and functions of the commission. The commission shall fairly represent the above-stated fields. Recommendations of the council shall be nonpartisan.
(5) It is the responsibility of the council to nominate to the Governor not fewer than three persons for each vacancy occurring on the Public Service Commission. The council shall submit the recommendations to the Governor by October 1 of those years in which the terms are to begin the following January, or within 60 days after a vacancy occurs for any reason other than the expiration of the term.
(6) The Governor shall fill a vacancy occurring on the Public Service Commission by appointment of one of the applicants nominated by the council only after a background investigation of such applicant has been conducted by the Florida Department of Law Enforcement. If the Governor has not made an appointment by December 1 to fill a vacancy for a term to begin the following January, then the council, by a majority vote, shall appoint by December 31 one person from the applicants previously nominated to the Governor to fill the vacancy. If the Governor has not made the appointment to fill a vacancy occurring for any reason other than the expiration of the term by the 60th day following receipt of the nominations of the council, the council by majority vote shall appoint within 30 days thereafter one person from the applicants previously nominated to the Governor to fill the vacancy.
(7) Each appointment to the Public Service Commission shall be subject to confirmation by the Senate. If the Senate refuses to confirm or rejects the Governor's *604 appointment, the council shall initiate, in accordance with this section, the nominating process within 30 days.
Once the Nominating Council identifies its nominees, the Governor plays an important  albeit limited  role in the selection process. Section 350.001 gives the Governor "a limited authority with respect to the Public Service Commission by authorizing him to participate in the selection of members only from the list provided by the Florida Public Service Commission Nominating Council in the manner prescribed by s. 350.031." Section 350.031, in a unique provision, grants to the Council appointing authority in a limited circumstance:
If the Governor has not made an appointment by December 1 to fill a vacancy for a term to begin the following January, then the council, by a majority vote, shall appoint by December 31 one person from the applicants previously nominated to the Governor to fill the vacancy.
§ 350.031(6), Fla. Stat. (1993). Section 350.031(7) provides a further check on the Governor's authority by requiring Senate confirmation of the Governor's appointment.
In this case, Bruce asserts that the Nominating Council has the discretionary power under section 350.001, Florida Statutes (1993), to limit the appointing authority of the Governor through the manner in which it submits lists of qualified names to the Governor. Section 350.001 provides that the Governor is "to participate in the selection of members only from the list provided by the [Council] in the manner prescribed by s. 350.031." Section 350.031(5) requires the Nominating Council "to nominate to the Governor not fewer than three persons for each vacancy occurring on the Public Service Commission." (Emphasis added.) Section 350.031(6) requires the Governor to fill a vacancy "by appointment of one of the applicants nominated by the council." (Emphasis added.)
Based on this language, Bruce argues that the statutes treat each vacancy as a discrete and separate entity. He argues that the statute does not allow the Nominating Council to submit a single pool of nominees from which the Governor may make appointments at will.
We disagree. It is clear from the record that the Council initially prepared a consolidated list of four nominees to be submitted to the Governor. Upon notification that the Council would submit four names for the vacancies, the Governor objected and requested six names for the vacancies. The plain language of section 350.031(5) does not direct the Nominating Council to prepare separate slates of nominees for each vacancy. By submitting separate lists the Council tried to restrict the Governor's appointing authority. Section 350.031(6) says only that the Governor must appoint a person from "one of the applicants nominated." There is nothing in the record to show that Kiesling was not selected from a list provided by the Council for vacancies that existed when the list was presented.
Bruce also argues that the Nominating Council's own rules require each vacant seat on the Commission to constitute a separate group with not fewer than three nominees in each group. He argues that the rules require the Governor to appoint one nominee from each group. Again, we disagree. The Nominating Council's "rules" are statements of procedure and not rules promulgated under chapter 120, Florida Statutes. Even if these were rules, they impermissibly go beyond what the statutes allow. Department of Natural Resources v. Wingfield Dev. Co., 581 So.2d 193 (Fla. 1st DCA 1991).
In conclusion, we find that the Governor acted in accordance with the provisions of sections 350.001 and 350.031 in appointing Kiesling. As required, he appointed "one of the applicants nominated by the Council." It is the Nominating Council that usurped its authority by trying to restrict the Governor's statutory power to appoint. We therefore deny Bruce's petition for writ of quo warranto. We also deny the Nominating Council's petition.
It is so ordered.
*605 BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.