V. Ted Brabham, Jr., Chair Fifteenth Judicial Circuit Nominating Commission 322 Banyan Boulevard West Palm Beach, Florida 33401
Dear Mr. Brabham:
On behalf of the Fifteenth Judicial Circuit Nominating Commission you ask substantially the following questions:
(1) Does a judicial nominating commission have the authority to withdraw names certified to the Governor as nominees for a judicial vacancy on the circuit court?
(2) May the names on separate lists certified by a judicial nominating commission for two circuit court vacancies be combined for the Governor's consideration?
In sum:
(1) While a judicial nominating commission does not have the authority to withdraw the names certified to the Governor, the commission may supplement that list with additional names and advise the Governor of any changed circumstances regarding the certified nominees at any time prior to the Governor's appointment to fill the vacancy.
(2) The names on separate lists certified by the judicial nominating commission for two circuit court vacancies may be combined for consideration by the Governor. Question One
Article V, section 11(b) and (c), Florida Constitution, provides:
(b) The Governor shall fill each vacancy on a circuit court by appointing . . . one of not fewer than three persons nominated by the appropriate judicial nominating commission. . . .
(c) The nominations shall be made within thirty days from the occurrence of a vacancy unless the period is extended by the governor for a time not to exceed thirty days. The governor shall make the appointment within sixty days after the nominations have been certified to him.
This office has been advised that the Judicial Nominating Commission for the Fifteenth Judicial Circuit (JNC) certified a list of three nominees for a vacancy on the circuit court for the Fifteenth Judicial Circuit on November 14, 1995. A board of independent inquiry was asked by the Governor to examine allegations that the JNC's choices were influenced by political considerations rather than the nominees' qualifications. A question has been raised as to whether the JNC may withdraw the list certified to the Governor on November 14, 1995, and resubmit a new list of nominees.
Article V, section 11(b) and (c), Florida Constitution, makes no provision for the withdrawal of a certified list of nominees. Rather the constitutional provision contemplates that a JNC will certify a list of nominees to the Governor within thirty days (or 60 days, if the Governor extends the period). No provision is made for the JNC to withdraw names previously certified. To allow a JNC to withdraw a name previously submitted would not conform to the procedure set forth in Article V, section 11.
The constitutional provision, however, does not limit the number of names to be submitted by the JNC, but rather requires that the JNC submit "not fewer than three persons" for consideration. The JNC has complied with this constitutional mandate. Nothing, however, precludes the JNC from submitting additional names to the Governor at any time prior to the Governor's appointment to fill the vacancy. Moreover, it would appear to be within the scope of the JNC's duties and responsibilities to advise the Governor of information received by the JNC subsequent to certification that would affect the qualifications of a nominee.[1]
The Governor would have the authority to fill the vacancy by appointing an individual from any of the nominees provided by the JNC. While the Governor may reject those nominees who do not meet the qualifications for judicial candidates, the constitution contemplates that the Governor will fill the vacancy from the nominees submitted by the JNC.[2]
Accordingly, I am of the opinion that while the JNC does not have the authority to withdraw names certified to the Governor, nothing precludes the commission from supplementing a list with additional names at any time prior to the Governor's appointment to fill a vacancy.
Question Two
This office has been advised that there are two judicial vacancies in the Fifteenth Judicial Circuit. Two separate lists were sent to the Governor, on November 14, 1995, and November 29, 1995, respectively. A question has been raised as to whether the two lists may be combined so that the Governor may fill the vacancies from any name on the combined lists.
The Supreme Court of Florida, in considering Article V, section11, Florida Constitution, has stated:
The purpose of the judicial nominating commission is to take the judiciary out of the field of political patronage and provide a method of checking the qualifications of persons seeking the office of judge. When the commission has completed its investigation and reached a conclusion, the persons meeting the qualifications are nominated. In this respect the commissioners act in an advisory capacity to aid the Governor in the conscientious exercise of his executive appointive power.[3]
It is the Governor who is constitutionally charged with the responsibility of filling judicial vacancies. The JNCs and those who appoint their members must recognize that they act to assist the Governor in performing this function. Manipulation of the process of selecting nominees in an attempt to influence the appointment of a particular individual nominee constitutes a violation of the constitutional scheme and a usurpation of the Governor's appointment power which should not be tolerated.
In cases where a judicial nominating commission is considering more than one vacancy, The Supreme Court of Florida in In re Advisory Opinion to the Governor,[4] has stated that the Governor is not required to fill the vacancies until the commission has submitted three names for each vacancy. Thus, the Court held that the commission was required to submit nine names to the Governor for three vacancies and that the sixty days in which the Governor was to make his decision did not begin to run until he received the nine names.
While the Court's opinion makes it clear that nine names were required to be submitted for three vacancies, it did not state that those names must be submitted on separate lists. Moreover, as this office noted in Attorney General Opinion 93-87, nothing in the Uniform Rules of Procedure for Circuit Judicial Nominating Commissions mandates that the names of nominees for multiple judicial vacancies be submitted on separate lists.[5] In fact, the rules require that the nominees not be ranked or listed in such a manner as to indicate partiality or preference by the commission. Thus, this office stated in Attorney General Opinion 93-87 that the submission of separate lists for multiple vacancies may be construed to violate the Uniform Rules. This office, therefore, concluded that where there are two or more circuit court vacancies within a judicial circuit, a single list for the two vacancies may be submitted, provided that the number of nominees contained on the list is equal to at least three for each vacancy.
In an analogous case, the Supreme Court of Florida in State v. Kiesling[6] held that the nominating council for the Public Service Commission could not submit separate lists for each vacancy but rather should prepare one list from which the Governor could fill all vacancies, stating that "[b]y submitting separate lists the [Nominating] Council tried to restrict the Governor's appointing authority." In concluding that the nominating council had acted inappropriately, the Court determined that "the Nominating Council . . . usurped its authority by trying to restrict the Governor's statutory power to appoint."[7]
In light of the above, I am of the opinion that the names on separate lists certified by the Judicial Nominating Commission on November 14, 1995, and on November 29, 1995, may be combined for consideration by the Governor.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, Advisory Opinion to the Governor, 276 So.2d 25, 30 (Fla. 1973). Cf., Spector v. Glisson, 305 So.2d 777, 778 (Fla. 1974) (one purpose of constitutional provision for use of nominating commissions is to place restraint on purely political appointments without an overriding consideration of qualification and ability).
[2] See, e.g., Art. V, s. 8, Fla. Const. (in order to be eligible for office as a circuit court judge, an individual must be an elector of the state, must reside in the territorial jurisdiction of the court, shall not be seventy years of age or older, and must have been a member of The Florida Bar for the preceding five years).
[3] 276 So.2d at 30.
[4] 551 So.2d 1205, 1206 (1989).
[5] See, s. V of the Uniform Rules of Procedure for Circuit Judicial Nominating Commissions (Uniform Rules).
[6] 632 So.2d 601, 604 (Fla. 1994).
[7] Id.