PALMER, J.
Barry Fouts, the candidate who received the most votes- in the 1999 election for Pomona Park town council seat five, appeals the final order entered by the trial court granting appellee Lena Bolay’s petition for quo warranto relief and ordering Fouts’ ouster from office. Bolay was the candidate who lost the election for seat five. Concluding that the evidence presented at trial did not prove that Fouts failed to comply with any applicable provisions of the town charter or election law, we reverse.
Quo warranto is a writ of inquiry through which a court determines the validity of a party’s claim that an individual is exercising a public office illegally. See State ex tel. Bruce v. Kiesling, 632 So.2d 601 (Fla.1994). Section 80.01 of the Florida Statutes (1999) authorizes the pursuit of quo warranto relief but has been construed to require the person filing the writ to “not only to demonstrate by his allegations and proof that respondent was not elected, but that [petitioner] himself was the candidate lawfully chosen by the voters for the office in dispute.” State ex rel. Clark v. Klingensmith, 121 Fla. 297, 163 So. 704 (1935).
In her quo warranto complaint, Bolay alleged that she had filed a petition containing the required number of signatures of qualified electors and, accordingly, had properly qualified to run for election for seat five. Bolay also asserted that Fouts had likewise obtained the required number of signatures on his petition, designating on his petition that he was running for seat four, but then improperly changing his petition to seat five before submitting his petition to the town clerk. The town clerk accepted Fouts’ petition and placed his name on the ballot for seat five. In the election, Fouts received a greater number of votes than Bolay and was thus declared elected to seat five. Five months later, *1118 Bolay filed suit seeking quo warranto relief to oust Fouts from office and to declare her to ,be the sole duly qualified candidate for that office.
After trial, the trial court entered an order granting Bolay’s request and ousting Fouts from his seat, making the finding.in the final judgment of ouster that “the defendant’s modification of his qualifying petition, together with other actions, obscured from the electorate the seat he had chosen.” We disagree.
The Pomona Park town charter requires that a candidate for elected office be nominated for office by a petition signed by not less than ten qualified electors. The town charter does not establish seat numbers nor contain a provision requiring a candidate to declare which seat he or she is running for in the petition. However, by common practice, the town council’s seats are designated by seat numbers and candidates seeking election compete for a specified seat.
Although Fouts initially intended to run for seat four and collected signatures on a petition referencing that seat, he changed his mind and decided to run for seat five. He changed the seat designation on the petition but, prior to filing the petition, contacted nine of the original signatories by telephone, none of whom had any objection to him changing his petition to reflect that he would be seeking election to seat five. He also obtained two additional signatures on the petition after he made the change to seat five. Since two of the signatures on the original petition were Bolay and her husband, Fouts struck those names from the petition, but still had the signature of eleven qualified electors.
An election should not be set aside unless a court finds substantial noncompliance with a statutory election procedure and also makes a factual determination that reasonable doubt exists as to whether a certified election expressed the will of the voters. See Beckstrom v. Volusia County Canvassing Board, 707 So.2d 720 (Fla.1998). In this case, Bolay failed to prove that Fouts violated any applicable election procedure, much less that any non-compliance raised doubts as to whether the election reflected the will of the voters. The evidence is undisputed that Fouts submitted a petition containing the signature of at least ten qualified electors who knew, at the time ■ the petition was filed, that he was seeking election to seat five.[1]
REVERSED.
COBB and HARRIS, JJ., concur.

. Although Fouts further argues that the trial court's order must be reversed because the trial court erred by applying the provisions of the town charter instead of Florida's election's code and because Bolay's complaint was not timely filed since it was not filed pre-election, neither of these arguments were presented below and, therefore, cannot form the basis for reversal on appeal. See City of Lake Mary v. County of Seminole, 419 So.2d 737 (Fla. 5th DCA 1982).